IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLISON SCHLOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1880 |
| | ) | Judge Thomas M. Durkin |
| CITY OF CHICAGO, *et al.* | ) | Mag. Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| MAUREEN BRESNAHAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1974 |
| | ) | Judge Thomas M. Durkin |
| CITY OF CHICAGO, *et al.*, | ) | Mag. Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' CONSOLIDATED MOTION
TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiffs Allison Schloss and Maureen Bresnahan ("Plaintiffs"), by their attorneys, and pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), for their Motion to Compel Production of Documents, state as follows:

1. Lt. Schloss has brought claims against Defendant the City of Chicago (the "City") and individual Defendants for sex discrimination and retaliation because she was subjected to a hostile working environment and terminated from her position as commanding officer of the Chicago Police Department's Marine & Helicopter Unit, which is part of the Special Functions Division ("SFD").

2. Det. Bresnahan has brought claims against the City and individual Defendants for sex discrimination arising from the City's failure to promote her to a position of Explosive Technician I in the SFD's Bomb Squad.

3. Plaintiffs have both brought claims pursuant to *Monell v. Dept. of Social Services of the City of N.Y.*, 436 U.S. 658 (1978), alleging that the City engaged in an unlawful pattern and practice, and unconstitutional custom and practice, of sex discrimination in the SFD. Plaintiffs have alleged that their experiences within the SFD are not unique to the Marine & Helicopter Unit and the Bomb Squad from which their claims arise, but apply to all of the prestigious units of the SFD, which also includes the Mounted Unit, the Special Weapon and Tactics (SWAT) Team, and Canine Unit, as well as explosives detection canine handlers. *See, e.g., Schloss* Dkt. 16, ¶ 29; *Bresnahan*, Dkt. 15, ¶¶ 42-43.

4. All of these units reported to Defendant Steve Georgas, Deputy Chief of the SFD during the relevant time periods, and all of them have "abysmal" numbers of women employed in them. Plaintiffs' First Amended Complaints include statistical allegations related to the numbers of women employed in the Bomb Squad, SWAT Team, Marine & Helicopter Unit, Mounted Unit, and explosives detection canine handlers. *See Schloss* Dkt. 16, ¶¶ 6-7; *Bresnahan*, Dkt. 15, ¶¶ 6-7. It is these statistics, in addition to their individual allegations of sex discrimination, that form the basis of their *Monell* claims.

5. Defendants filed motions to dismiss those *Monell* claims. *See Schloss,* Dkt. 20, *Bresnahan,* Dkt. 31. On October 4, 2018, this Court denied the motions,

specifically finding "that Plaintiffs' statistical analyses and the general allegations of discrimination, combined with the specific allegations regarding Schloss and Bresnahan, plausibly allege a widespread practice that discriminates against women." *See Schloss* Dkt. 47.

6.  On October 19, 2018, Plaintiffs served their Consolidated First Requests for Production ("First Requests") on Defendants. In the First Requests, Plaintiffs sought, among other things, documents relating to their *Monell* claims. On January 11, 2019, Defendants served their Response to Plaintiffs' First Requests, a copy of which is attached hereto as Exhibit A.

7.  In their Response, Defendants objected to the overwhelming majority of Plaintiffs' requests for documents regarding their *Monell* claims, and withheld documents based on those objections, claiming the requests were not relevant. Defendants did produce documents relating to the most recent round of hiring for the Explosives Technician I position in the Bomb Squad, through which Bresnahan sought promotion. They refused to produce any other responsive documents. The requests for *Monell* documents to which Defendants objected (grouped by category of information sought) are:

- Request No. 24, regarding the selection process for commanding officers in the SFD;

- Request Nos. 58, 59, 60, 61, 109, 110, and 111, regarding the number of women in the SFD, the CPD's efforts to recruit women to the SFD, statements by officers and employees about the qualifications of women to serve in the SFD, and measures taken to address gender bias in the SFD;

- Request Nos. 63 and 64, regarding the use of street patrol experience as hiring criteria for the Explosives Technician I position in the Bomb Squad;

3

- Request No. 65, regarding how the CPD's post-interview eligibility list should be used in Bomb Squad hiring;

- Request No. 66, regarding the last four rounds of hiring for the Explosives Technician I position in the Bomb Squad;

- Request No. 67, regarding job descriptions in effect for the Explosives Technician I position in the Bomb Squad during the last four rounds of hiring;

- Request Nos. 70, 76, 77, 78, 79, 97, and 98, regarding the SFD's use of the MultiCraft Aptitude Test to screen applicants for the Explosives Technician I position in the Bomb Squad;

- Request Nos. 71, 72, 73, 74, 75, and 96, regarding the SFD's use of the physical fitness test to screen applicants to the Explosives Technician I position in the Bomb Squad;

- Request No. 80, regarding the instructions and training given to interview teams for the last four rounds of hiring for the Explosives Technician I position in the Bomb Squad;

- Request Nos. 81, 82, and 83, regarding the criteria used in selecting applicants for promotion during the last four rounds of hiring for the Explosives Technician I position in the Bomb Squad;

- Request Nos. 84 and 85, regarding the City's efforts to remove gender bias during the last four rounds of hiring for the Explosives Technician I position in the Bomb Squad;

- Request Nos. 86, 87, 88, 89, 90, and 95, regarding the procedures connected to the oral interviews and consensus meetings for the last four rounds of hiring for the Explosives Technician I position in the Bomb Squad;

- Request Nos. 101 and 102, regarding administrations of the physical fitness test for the SWAT Team and other SFD units; and

- Request Nos. 103, 106, 107, and 108 regarding the selection process for first-level positions and officers for the SWAT Team, Marine & Helicopter Unit, Canine Unit, and Mounted Unit, and the impact of any SFD selection procedures on employment opportunities for women.

4

8. On February 28, 2019, from 1:00 p.m. to approximately 3:30 p.m., counsel for Plaintiffs and Defendants held a Local Rule 37.2 conference to address Defendants' refusal to produce the documents requested by Plaintiffs. In attendance were Plaintiffs' counsel Marni Willenson, Cynthia Hyndman, and Laura Feldman; and Defendants' counsel Christopher Parker, Alexius O'Malley, and Howard Levine. *See* Declaration of Cynthia H. Hyndman, attached hereto as Exhibit B.

9. During that conference, the parties made little headway with respect to their differences over the relevance and discoverability of the documents Plaintiffs have sought to prove their *Monell* claims. Defendants agreed to produce documents relating to the round of hiring for the Explosive Technicians I position in the Bomb Squad just prior to the round in which Det. Bresnahan participated. Defendants refused to produce documents relating to the two previous rounds of hiring before that one. Defendants agreed to reconsider whether it would produce documents relating to the two most recent hiring and selection processes for the Marine & Helicopter Unit, where Lt. Schloss served as commanding officer. Defendants refused to produce *any* of the requested documents relating to the SWAT Team, Canine Unit, and Mounted Unit.

10. Defendants have not produced any additional documents or supplemented their responses to the document requests since the Rule 37.2 conference. They have also not provided Plaintiffs with an answer about their willingness to produce documents relating to hiring and selection for the Marine & Helicopter Unit.

5

11. Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The "federal notice pleading system contemplates that parties will have broad discovery to investigate the facts and help define and clarify the issues." *Harris Davis Rebar, LLC v. Structural Iron Workers Local Union No. 1, Pension Trust Fund*, No. 17 C 6473, 2019 U.S. Dist. LEXIS 17798, *9, 2019 WL 447622 (N.D. Ill. Feb. 5, 2019), *citing Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (discussing scope of discovery generally under Rule 26(b)(1)). Discovery requests are relevant if they "encompass any [information] that bears on or that reasonably could lead to [information] that could bear on" any material fact or issue "that is or may be" part of the case. *Oppenheimer*, 437 U.S. at 351.

12. Defendants' contention that documents relating to the third and fourth most recent hiring rounds for the Bomb Squad, the hiring and selection processes for the Marine & Helicopter Unit, and any discovery relating to the SWAT Team, the Canine Unit, and the Mounted Unit are not relevant is not consistent with the broad definition of relevance in Rule 26(b)(1). But more importantly, it is directly contrary to this Court's decision that the statistical evidence cited in Plaintiffs' First Amended Complaints relating to these various units supports their allegations that

6


the City engaged in a pattern and practice, and unconstitutional custom and practice, of sex discrimination against women applying for promotion to and employed in the SFD. *See Schloss* Dkt. 47 at 8-10.

13. Here, "Plaintiff has done more than enough to show that its legal theories are plausible enough for the purpose of pursuing discovery designed to allow it to prove up its case." *See Maui Jim v. Smartbuy Guru Enters.*, No. 16 C 9788, 2018 U.S. Dist. LEXIS 24684, *9, 2018 WL 894619 (N.D. Ill. Feb. 14, 2018) (finding that a plaintiff need not "prove[] its case or jump[] through some preliminary hoops to satisfy a court that it can do so" before getting desired discovery). *See also Mann v. City of Chicago*, No. 15 CV 9191, No. 13 CV 4531, 2017 U.S. Dist. LEXIS 146029, ** 10, 13, n.4 , 2017 WL 3970592 (N.D. Ill. Sept. 8, 2017) (plaintiff need not provide evidence in order to obtain *Monell* discovery; court will look at allegations of complaint to determine relevance).

14. The discovery cutoff is December 17, 2019, for these cases. Plaintiffs are entitled to timely discovery on claims that the Court has already ruled have been sufficiently pleaded. Defendants' continued refusal to produce documents clearly relevant to Plaintiffs' *Monell* claims only serves to delay the discovery process unnecessarily.

15. Defendants' counsel has advised Plaintiffs' counsel that they object to this motion.

WHEREFORE, Plaintiffs Allison Schloss and Maureen Bresnahan respectfully request that this Court compel Defendants to produce the requested

documents relevant to their *Monell* claims, award Plaintiffs their fees and costs in filing this Motion, and grant such other and further relief as may be just and proper.

                                                                          Respectfully submitted,

Date: April 18, 2019          By:    /s/ Cynthia H. Hyndman
                                                                      One of Their Attorneys

                                                                      Cynthia H. Hyndman
                                                                      chyndman@robinsoncurley.com
                                                                      Laura R. Feldman
                                                                      lfeldman@robinsoncurley.com
                                                                      Benjamin E. Schwab
                                                                      bschwab@robinsoncurley.com
                                                                      ROBINSON CURLEY P.C.
                                                                      300 South Wacker Drive, Suite 1700
                                                                      Chicago, Illinois 60606
                                                                      (312) 663-3100 Telephone
                                                                      (312) 663-0303 Facsimile

                                                                      Marni Willenson
                                                                      marni@willensonlaw.com
                                                                      Samantha Kronk
                                                                      skronk@willensonlaw.com
                                                                      WILLENSON LAW, LLC
                                                                      542 South Dearborn Street, Suite 610
                                                                      Chicago, Illinois 60605
                                                                      (312) 508-5380
                                                                      (312) 508-5382 (Fax)

                                                                      *Attorneys for Plaintiff*