# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALLISON SCHLOSS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 18 CV 01880 |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| CITY OF CHICAGO, et al. | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants, | ) | |

_____

| | | |
|---|---|---|
| MAUREEN BRESNAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 18-cv-1974 |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | Magistrate Judge Maria Valdez |
| Corporation, and SGT. JAMES EGAN, in | ) | |
| his individual capacity, | ) | |
| | ) | |
| Defendants, | ) | |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFFS' CONSOLIDATED FIRST REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants City of Chicago ("the City"), Deputy Chief Steve E. Georgas, Sgt. Frederick Harnisch, Sgt. Karoly Hadju, Angel Romero, Robert Fitzsimmons and Sgt. James Egan (collectively, "Defendants"), serve the following consolidated answers to Plaintiffs' requests to produce.

## GENERAL OBJECTIONS AND RESERVATIONS OF RIGHTS

1.      Defendants object to each of the instructions to the extent they exceed the scope of their obligations under Fed. R. Civ. P. 26 and 33 and/or the local rules from the Northern District of Illinois.

2.      In answering each request for production, in full or in part, Defendants reserve the attorney-client and work product privileges. Each answer is asserted without waiver of these privileges. Defendants reserve their right to use clawback procedures to retract information inadvertently disclosed.

3.      Defendants reserve the right to supplement their answers pursuant to Fed. R. Civ. P. 26 in the event that, prior to final disposition of this matter, additional responsive information comes to their attention or becomes available to them.

4.      Defendants object to the extent the requests seek production of information or documents that could be obtained from Plaintiffs' own files or other sources to which Plaintiffs have equal or superior access.

5.      Investigation continues as to all requests for ESI.

## ANSWERS TO PRODUCTION REQUESTS

1.      All documents and ESI identified in your Mandatory Initial Discovery Responses.

**ANSWER**:   Defendants object to Request No. 1 on the grounds that the request is overbroad. Please see previously tendered BRES-DEF 0001–02230 and attached SCHL-DEF 0001– 02230.

2.      All documents and ESI identified in response to any interrogatory served by one of the Plaintiffs.

**ANSWER:**   Defendants object to Request No. 2 on the grounds that the request is overbroad. Please see previously tendered BRES-DEF 0001–02230 and attached SCHL-DEF 0001-1254.

2

3.      All documents and ESI that you contend substantiate or support the facts stated in your answers to Mandatory Initial Discovery Requests number 4, including but not limited to all evidence that:

**ANSWER:**   Defendants object to Request No. 3 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 3 on the grounds that the request is overbroad

    a. Schloss' reassignment to the Major Accident Investigation Unit "was based solely on poor job performance." This request encompasses all evidence of the alleged "poor job performance."

**ANSWER:**   Subject to and without waiving the foregoing objection, please see attached SCHL-DEF 0001-1254. Investigation continues.

    b. "Women were not subject to gender bias in the Special Function[s] Division ("SFD") in light of the low number of female officers who applied for assignment to the SFD."

**ANSWER:**   Subject to and without waiving the foregoing objection, please see previously tendered BRES-DEF 0001–02230 and attached SCHL-DEF 0001-1254. Investigation continues.

    c. "The decision maker who reassigned [Schloss] from command of the Marine and Helicopter Units to the Major Accident Investigation Unit was unaware of" her internal sex discrimination complaint "at the time of her re-assignment."

**ANSWER:**   Subject to and without waiving the foregoing objection, Defendants answer none.

    d. Bresnahan "was not among the best qualified candidates" for the explosives technician I position on the Bomb Squad "due to her lack of street police experience." This request encompasses all evidence that "street police experience" is a legitimate, valid, or job-related selection criterion for the

3

> explosives technician I position (in other words, all evidence of the job-relatedness of "street police experience" for the position) and evidence that candidates placed on the eligibility had more "street police experience."

**ANSWER:** Defendants further object to Request No. 3(d) on the grounds that the phrase "legitimate, valid, or job-related" is vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objection, please see previously tendered BRES-DEF 0001 – 02230. Investigation continues.

> e. "The City and CPD did not discriminate against women during the interview process for the" explosives detective I position when Bresnahan applied for the position.

**ANSWER:** Subject to and without waiving the foregoing objections, please see previously tendered BRES-DEF 0001–02230. Investigation continues.

> f. Schloss has not lost out on unique training as a result of her reassignment from Commanding Officer of the Marine and Helicopter Units to Commanding Officer of the Major Accidents Investigation Unit" because she does not hold a boat captain or helicopter pilot license and "[t]herefore, training opportunities related to officers" holding such licenses "would not be relevant to Plaintiff's position as Commanding Officer of the Marine and Helicopter Units."

**ANSWER:** Subject to and without waiving the foregoing objection, please see attached SCHL-DEF 0001-1254. Investigation continues.

4. Complete records and files relating to each Plaintiff including but not limited to each Plaintiff's: personnel file; training records; records, reports, score sheets, interview notes, correspondence, and other documents and ESI related to any application for promotion, lateral move, or special assignment in CPD; records, reports, and results of physical fitness testing; performance evaluations; disciplinary file, including the reason for any discipline; all records of

verbal warnings, counseling, Summary Punishment Action Reports, or other informal discipline directed at either Plaintiff and the reason for the warnings or informal discipline; and the complete contents of Bureau of Internal Affairs Log Numbers 1080880, 1080884, 1076061, 1088124.

**ANSWER:** Defendants object to Request No. 4 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 4 on the grounds that the request is overbroad, vague, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, see tendered BRES-DEF 0348–00411 and attached SCHL-DEF 0188-0402. Investigation continues.

5.     All documents and ESI you provided to or received from the Equal Employment Opportunity Commission (EEOC) related to the charges of discrimination filed by Plaintiffs.

**ANSWER:** Defendants object to Request No. 5 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 5 on the grounds that the request is overbroad. Please see previously tendered BRES-DEF 0001– 02230 and attached SCHL-DEF 0423-0433, 0907-1200. Investigation continues.

6.     All documents and ESI you provided to or received from the EEOC related to any allegation against Schloss.

**ANSWER:** Defendants object to the term "related to" as vague. Defendants also object to Request No. 6 on the grounds that the request is overbroad. Subject to and without waiving the

foregoing objections, see previously tendered BRES-DEF 0001–02230 and attached SCHL-DEF 0423-0433, 0907-1200. Investigation continues.

       7.     All documents and ESI related to any EEOC charge you filed or attempted to file alleging sexual harassment or other unlawful conduct by Schloss, including all documents and ESI related to EEOC Charge No. 440-2017-02547.

**ANSWER:**  Defendants object to Request No. 7 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 7 on the grounds that the request is overbroad. Defendants also object to the term "related to" as vague. Subject to and without waiving the foregoing objections, investigation continues.

       8.     All photographs, voicemail, email, text messages, phone records, social media records, calendar entries, notes, and other documents and ESI that you contend reflect Schloss' sexual harassment of you, any subordinate officer, or any other CPD officer or employee.

**ANSWER**:  Defendants object to Request No. 8 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 8 on the grounds that the request is overbroad, vague, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, please see SCHL-DEF 0434-0433. Investigation continues.

9.     All documents and ESI related to any communication among or between you related to Schloss' alleged sexual harassment of you, any subordinate officer, or any other CPD officer or employee.

**<u>ANSWER:</u>**     Defendants object to Request No. 9 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 9 on the grounds that the request is overbroad. Defendants also object to the term "related to" as vague. Investigation continues.

10.     All documents and ESI related to any communication among or between you related to the attempted or actual filing of any charge or complaint of sexual harassment by Schloss, including all text messages, email, voicemail, phone records, social media records, calendar entries, and notes.

**<u>ANSWER:</u>**     Defendants object to Request No. 10 on the grounds that the request is overbroad, intrusive, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiffs should not be entitled to go on fishing expeditions through Defendants' social media accounts. Defendants also object to Request No. 10 on the grounds that the request is overbroad. Defendants also object to the term "related to" as vague. Subject to and without waiving the foregoing objections, Subject to and without waiving the foregoing objection, investigation continues.

11.     All documents and ESI related to any communication between you and the Illinois Department of Natural Resources (IDNR) related to Bresnahan.

**<u>ANSWER:</u>**     Defendants object to Request No. 11 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions,

7

opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 11 on the grounds that the request is overbroad. Defendants object to the term "related to" as vague. Subject to and without waiving the foregoing objection, investigation continues.

12.     All documents and ESI related to any communication between you and the United States Coast Guard related to Schloss.

**ANSWER:**     Defendants object to Request No. 12 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 12 on the grounds that the request is overbroad. Defendants object to the term "related to" as vague. Subject to and without waiving the foregoing objections, investigation continues.

13.     All open records, public records, or Freedom of Information requests received from Bresnahan during the period 2014 to the present; all documents reviewed or gathered in response to the requests; all email and other communications related to the requests; and all documents and ESI justifying your failure to respond to the requests.

**ANSWER:**     Defendants object to Request No. 13 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 13 on the grounds that the request is overbroad, vague, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants also object to the term "related to" as vague. Subject to and without waiving the foregoing objections, investigation continues.

14.     All documents and ESI evidencing any formal or informal discipline issued by Defendant Georgas to any SFD commanding officer other than Schloss for any of the following

8

reasons: (a) failure to send officers to Taser training; (b) failure to draft or deliver a memo; (c) locking a desk drawer or office door; (d) not attending a roll call when no sergeant was on duty; (e) failing to approve another officer's request for vacation or time off; (f) failing to act with sufficient promptness in acting on an instruction; (g) any other act or omission you contend is comparable to the acts or omissions constituting or reflecting Schloss' allegedly "poor performance."

**ANSWER:**    Defendants object to Request No. 14 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 14 on the grounds that the request is overbroad. Defendants object to the extent any responsive documents are protected by the investigative privilege or the deliberative process privilege. Subject to and without waiving the foregoing objections, Defendants answer none.

15.    All documents and ESI evidencing any formal or informal discipline imposed by a deputy chief of Special Functions on a commanding officer of the Marine Unit because a person drowned in Lake Michigan or another body of water policed by the unit. (This request excludes documents and ESI related to Schloss.)

**ANSWER:**    Defendants object to Request No. 15 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 15 on the grounds that the request is overbroad and not limited in scope. Defendants also object to the term "related to" as vague. Subject to and without waiving the foregoing objections, investigation continues.

16.    All documents and ESI evidencing that any commanding officer of the Marine Unit has ever been reassigned or had his vehicle removed because a person drowned in Lake

9

Michigan or another body of water policed by the Marine Unit. (This request excludes documents and ESI related to Schloss.)

**ANSWER:**     Defendants object to Request No. 16 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object that this request is overbroad, not limited in scope, unduly burdensome and not proportional to the needs of the case. Defendants further object to relevance as Schloss retained a CPD vehicle after her transfer. Subject to and without waiving the foregoing objections, investigation continues**.**

17.     All reports, records, or data compilations, authored by CPD or any other entity or person, that discuss or analyze drownings in Lake Michigan or another body of water policed by the Marine Unit in the past 20 years.

**ANSWER:**     Defendants object to Request No. 17 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object that this request is overbroad, not limited in scope, unduly burdensome and not proportional needs of the case. Subject to and without waiving the foregoing objections, investigation continues**.**

18.     All documents and ESI not covered by interrogatory number 16 above related to the drowning of any person in Lake Michigan or another body of water policed by the Marine Unit since 2008. (If the City has been sued over a drowning since 2008, produce one or more documents identifying the name of the case, case number, court, and disposition. Plaintiffs reserve the right to request additional documents but require nothing more related to lawsuits at this time.)

**ANSWER:**     Defendants object to Request No. 18 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object that this request is overbroad, not sufficiently limited in scope, unduly burdensome and not proportional to the needs of the case. Defendants also object to the term "related to" as vague. Subject to and without waiving the foregoing objections, the City was a sued in the drowning cases of *Jansson v. City of Chicago*, 13 L 12316 and *Sabanovic v. City of Chicago*, 11 L 5458, both in Cook County, IL.

19.     All documents and ESI reflecting training requests made by male commanding officers to Georgas and Georgas' response to such requests.

**ANSWER:**     Defendants object to Request No. 19 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object that this request is overbroad, not limited in scope, unduly burdensome and not proportional needs of the case. Subject to and without waiving the foregoing objection, Defendants state investigation continues.

20.     All documents and ESI evidencing that Georgas ever denied a request for training made by a male commanding officer of an SFD unit.

**ANSWER:**     Defendants object to Request No. 20 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object that this request is overbroad, not limited in scope, unduly burdensome and not proportional to the needs of the case. Subject to and without waiving the foregoing objection, Defendants state investigation continues.

21.    All documents and ESI evidencing that Georgas treated a male commanding officer of any SFD unit in a manner similar to his treatment of Schloss.

**ANSWER:**    Defendants object to Request No. 21 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 21 on the grounds that the request is overbroad. Defendants also object that the request for "manner similar to his treatment of Schloss" is open to interpretation and is so vague as to provide no guidance to Defendants as to which documents and ESI they should search for and produce.

22.    All documents and ESI reflecting any instruction by Georgas that Schloss should not take leave or time off during any holiday, special event, date, or period of time.

**ANSWER:**    Defendants object to Request No. 22 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 22 on the grounds that the request is overbroad. Investigation continues.

23.    All documents and ESI evidencing that Georgas considered selecting a woman as commanding officer of any unit in Special Functions.

**ANSWER:**    Defendants object to Request No. 23 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants object to Request No. 23 on the grounds that the request is overbroad, vague as to the meaning of "considered" and seeks information neither relevant to any party's

claim or defense nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, see SCHL-DEF 0448-0709. Investigation continues.

24. Records of the selection process for all open commanding officer positions in the SFD while Georgas was acting or deputy chief of Special Functions sufficient to determine (a) the name, sex, star number, and rank of each applicant, (b) the identity of the commanding officer selected, (c) the date of selection, (d) the reasons for the selection, and (e) the participants in the selection process.

**ANSWER:** Defendants object to Request No. 24 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 24 on the grounds that the request is overbroad, not limited in scope and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, see SCHL-DEF 0448-0709. Investigation continues.

25. All documents and ESI related to Schloss' application for and selection as commanding officer of the Marine and Helicopter Unit, including but not limited to all documents and ESI reflecting Georgas' role in her selection.

**ANSWER:** Defendants object to Request No. 25 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 25 on the grounds that the request is overbroad. Defendants also object to Request No. 25 on the grounds that the request is seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, see SCHL-DEF 0448-0709.

26.    All documents and ESI related to communications between Superintendent Garry McCarthy and Georgas related to Schloss.

**ANSWER:**    Defendants object to Request No. 26 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to the term "related to" as vague. Defendants also object to Request No. 26 on the grounds that the request is overbroad, not limited in scope, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Investigation continues.

27.    All documents and ESI related to communications between Chief of Patrol Fred Waller and Georgas related to Schloss.

**ANSWER:**    Defendants object to Request No. 27 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 27 on the grounds that the request is overbroad, not limited in scope, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants also object to the term "related to" as vague. Investigation continues.

28.    All documents and ESI related to communications between Chief of Patrol Wayne Guillford and Georgas related to Schloss.

**ANSWER:**    Defendants object to Request No. 28 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 28 on the grounds that the request is overbroad,

14

not limited in scope, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants also object to the term "related to" as vague. Investigation continues.

29.     All documents and ESI related to communications between Captain Mark Marianovich and Georgas related to Schloss.

**ANSWER:**     Defendants object to Request No. 29 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 29 on the grounds that the request is overbroad, not limited in scope, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants also object to the term "related to" as vague. Investigation continues.

30.     All documents and ESI related to communications between Georgas and Marianovich concerning staffing or overtime in the Marine or Helicopter Units.

**ANSWER:**     Defendants object to Request No. 30 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 30 on the grounds that the request is overbroad, not limited in scope, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiff was in SFD from 2014-2016, which is the only relevant timeframe. Defendants also object to the term "related to" as vague. Investigation continues.

31.     All documents and ESI related to communications between the Office of Legal Affairs and Georgas regarding Schloss' complaint filed on June 7, 2016.

**ANSWER:**     Defendants object to Request No. 31 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 31 on the grounds that the request is overbroad. Defendants also object to the term "related to" as vague. Investigation continues.

32.     All documents and ESI related to communications between the Office of Legal Affairs and Waller regarding Schloss' complaint filed on June 7, 2016.

**ANSWER:**     Defendants object to Request No. 32 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 32 on the grounds that the request is overbroad. Defendants also object to the term "related to" as vague. Investigation continues.

33.     All documents and ESI reflecting Georgas' receipt of verbal or written notice of Schloss' Internal Affairs complaint filed on June 7, 2016.

**ANSWER:**     Defendants object to Request No. 33 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 33 on the grounds that the request is overbroad. Investigation continues.

34.     All documents and ESI reflecting Waller's receipt of verbal or written notice of Schloss' Internal Affairs complaint filed on June 7, 2016.

**ANSWER:**     Defendants object to Request No. 34 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions,

16

opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 34 on the grounds that the request is overbroad. Investigation continues.

35.     All documents and ESI related to the meeting between Georgas and Marine Unit supervisors and a Helicopter Unit sergeant on June 7, 2016.

**ANSWER:**     Defendants object to Request No. 35 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 35 on the grounds that the request is overbroad. Defendants also object to the term "related to" as vague. Investigation continues.

36.     All documents and ESI related to or reflecting Georgas' role in the decision to remove Schloss as commanding officer of the Helicopter Unit or Marine Unit.

**ANSWER:**     Defendants object to Request No. 36 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 36 on the grounds that the request is overbroad. Investigation continues.

37.     All documents and ESI related to or reflecting Chief Waller's role in the decision to remove Schloss as commanding officer of the Helicopter Unit or Marine Unit.

**ANSWER:**     Defendants object to Request No. 37 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 37 on the grounds that the request is overbroad. Defendants also object to the term "related to" as vague. Investigation continues.

17

38.     All documents and ESI reflecting the reasons that Schloss was removed from the Marine Unit and Helicopter Unit and reassigned.

**ANSWER:**     Defendants object to Request No. 38 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 38 on the grounds that the request is overbroad. Investigation continues.

39.     All documents and ESI related to any communication between Schloss and Georgas describing, discussing, analyzing, or expressing concerns about staffing levels or officer availability in the Marine or Helicopter Units.

**ANSWER:**     Defendants object to Request No. 39 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 39 on the grounds that the request is overbroad. Defendants also object to the term "related to" as vague. Investigation continues.

40.     All documents and ESI related to any communication between Schloss and Captain Marianovich describing, discussing, analyzing, or expressing concerns about staffing levels or officer availability in the Marine or Helicopter Units.

**ANSWER:**     Defendants object to Request No. 40 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 40 on the grounds that the request is overbroad. Defendants also object to the term "related to" as vague. Investigation continues.

41.     All documents and ESI related to any communication between or among Schloss, Georgas, and Marianovich about officer overtime.

**ANSWER:**     Defendants object to Request No. 41 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 41 on the grounds that the request is overbroad. Defendants also object to the term "related to" as vague. Investigation continues.

42.     All documents and ESI related to the drowning of a boater in Lake Michigan on May 29, 2016.

**ANSWER:**     Defendants object to Request No. 42 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 42 on the grounds that the request is overbroad. Defendants also object to the term "related to" as vague. Investigation continues.

43.     All documents and ESI, including but not limited to email and notes, related to the meeting between Georgas, Schloss, and Sgt. Hajdu on May 31, 2016 concerning the boater who drowned in Lake Michigan.

**ANSWER:**     Defendants object to Request No. 43 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 43 on the grounds that the request is overbroad. Defendants also object to the term "related to" as vague. Investigation continues.

44.     All documents and ESI evidencing that Georgas denied a request for training made by any male commanding officer under his supervision.

**ANSWER:**    Defendants object to Request No. 44 on the grounds that the request is overbroad. See answer to Request 20.

45.    All documents and ESI related to any complaint of sex discrimination asserted against any of the individual Defendants by a CPD employee other than Schloss or Bresnahan.

**ANSWER:**    Defendants object to Request No. 45 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 45 on the grounds that the request is overbroad. Investigation continues.

46.    All documents and ESI related to any complaint of retaliation asserted against Georgas or Egan by a CPD employee other than Schloss or Bresnahan.

**ANSWER:**    Defendants object to Request No. 46 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 46 on the grounds that the request is overbroad. Defendants also object to the terms "related to" and "complaint" as vague. Subject to and without waiving the foregoing objections, Defendants answer none.

47.    All notifications from IDNR to Egan of the issuance of an explosives license to any CPD officer from 2008 to the present.

**ANSWER:**    Defendants object to Request No. 47 as this request proportional to the needs of the case. Defendants further object to Request No. 47 as neither relevant to any party's claim or defense beyond any notifications from IDNR to Egan of the issuance of an explosives license to Plaintiff Bresnahan. Investigation continues.

48.    All documents and ESI related to communications between Egan and Linda Raufer from IDNR.

20

**ANSWER:** Defendants object to Request No. 48 as this request is overly broad, unduly burdensome and seeks irrelevant information. Defendants also object to the term "related to" as vague. Defendants also object to Request No. 48 on the grounds that the request is overbroad. Without waiving this objection, none related to Plaintiff.

49. All documents and ESI related to communications between Egan and IDNR regarding an explosives license issued to anyone other than Bresnahan.

**ANSWER:** Defendants object to Request No. 49 as this request is overly broad, unduly burdensome and is not relevant to any party's claim or defense beyond any notifications from IDNR to Egan of the issuance of an explosives license to Plaintiff Bresnahan. Defendants also object to Request No. 49 on the grounds that the request is overbroad. Defendants also object to the term "related to" as vague. Subject to and without waiving the foregoing objections, investigation continues.

50. All complaints filed by Egan against any male CPD officer related to his obtaining or maintaining an explosives license from IDNR.

**ANSWER:** Defendants object to Request No. 50 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Subject to and without waiving the foregoing objections, Defendants answer none.

51. All general orders, employee resource orders, and other written policies reflecting the organization, function, and command structure of the Bureau of Patrol from 2008 to the present.

**ANSWER:** Defendants object to Request No. 51 as this request is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants also object to the phrase "employee resource orders" as they do not know to what that refers. Subject to and without waiving the foregoing objection, please see SCHL-DEF 01201-01251. Investigation continues.

52. All general orders, employee resource orders, and other written policies reflecting the organization, function, and command structure of the Special Functions Division from 2008 to the present.

**ANSWER:** Defendants object to Request No. 52 as this request is overly broad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants also object to the phrase "employee resource orders" as they do not know to what that refers. Subject to and without waiving the foregoing objection, please see SCHL-DEF 01201-01251. Investigation continues.

53. All general orders, employee resource orders, and other written policies reflecting the organization, function, and command structure of any unit within the Special Functions Division from 2008 to the present.

**ANSWER:** Defendants object to Request No. 53 as this request is overly broad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants also object to the phrase "employee resource orders" as they do not know to what that refers. Subject to and without waiving the foregoing objection, please see SCHL-DEF 01201-01251. Investigation continues.

54. Organizational charts for the Bureau of Patrol and the Special Functions Division from 2008 to the present.

**ANSWER:** Defendants object to Request No. 54 as this request is overly broad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants also object to the phrase "employee resource orders" as they do not know to what that refers. Investigation continues.

55. Organizational charts for each unit within the Special Functions Division from 2008 to the present.

**ANSWER:** Defendants object to Request No. 55 as this request is overly broad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor

22

proportional to the needs of the case. Subject to and without waiving the foregoing objection, please see SCHL-DEF 01201-01251. Investigation continues.

56.    For the period 2008 to the present, data (from CLEAR or another database) reporting by month the following information for all officers employed in each unit of the Special Functions Division:

      a.   Name;

      b.   Race;

      c.   Sex;

      d.   Star number;

      e.   Date of hire;

      f.   Date of promotion/selection;

      g.   Job title;

      h.   Title code;

      i.   Pay code.

If monthly data are not available, then produce the data for the shortest available reporting period (e.g. by quarter).

**ANSWER:**    Defendants object to Request No. 56 as this request is overly broad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Subject to and without waiving the foregoing objection, Defendants will identify the title and genders of all of the officers assigned to the Marine and Helicopter Unit by quarter from 2013 to 2017.

57.    Workforce data (from CLEAR or another database) showing the current demographic composition of CPD uniformed personnel by sex, race, and rank.

**ANSWER:**    See SCHL-DEF 0905.

58.    All reports, analyses, communications, data printouts, and other documents and ESI reflecting any review or analysis by CPD of the number of women in the Special Functions Division.

23

**ANSWER:**    Defendants object to Request No. 58 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object that this request is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.

59.    All documents and ESI reflecting CPD's awareness of the low number of women in the Special Functions Division or any of its units.

**ANSWER:**    Defendants object to Request No. 59 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object that this request is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.

60.    All documents and ESI reflecting any effort to recruit women to apply for positions in the Special Functions Division or any of its units.

**ANSWER:**    Defendants object to Request No. 60 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object that this request is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.

61.    All documents and ESI reflecting any statement by a CPD officer or employee regarding whether women are qualified for any position in the SFD.

**ANSWER:**     Defendants object to Request No. 61 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object that this request is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. There are more than 14,000 CPD employees and officers employed by the City of Chicago.

62.     All general orders, employee resource orders, hiring plans, job announcements, and other documents and ESI describing or governing the 2015 selection process and selection criteria for the explosives technician I position.

**ANSWER:**     Defendants object to the phrase "employee resource orders" as they do not know to     what     that     refers,     and     to     the     phrases     "other     documents     and     ESI" as that phrase is overbroad and vague. Subject to and without waiving the foregoing objection, investigation continues.

63.     All documents and ESI that you contend support the use of "street patrol experience" as a legitimate, non-discriminatory selection criterion for the explosives technician I position.

**ANSWER:**     Defendants object to Request No. 63 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 63 on the grounds that the request is overbroad. Defendants further object to Request No. 63 on the grounds that the phrase "legitimate and non-discriminatory" is vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objection,

64.    All documents and ESI that you contend support the validity or job-relatedness under Title VII of "street patrol experience" as a selection criterion for the explosives technician I position.

**ANSWER:**    Defendants object to Request No. 64 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to Request No. 64 on the grounds that the  terms and phrases "support", "validity" and "job-relatedness" are vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections, none.

65.    All documents and ESI describing how the eligibility list for promotions technician I should be used in the selection of officers for promotion (e.g. whether the list must be used in rank order, how and when candidates should be selected from the list etc.).

**ANSWER:**    Defendants object to Request No. 65 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation.  Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Subject to and without waiving the foregoing objection, Defendants will produce pursuant to a court-entered and approved protective order responsive and non-privileged documents  for the 2015 promotional process for explosive technician I position.

66.    For the last <u>four</u> rounds of selection for the explosives technician I position, all of the following records:

      a.  Job announcements;

b.  All documents referenced in the job announcements (e.g. reference materials, study guides etc.)

c.  All applications and other materials submitted by candidates;

d.  Lists of candidates and test scores following administration of any written examination;

e.  Lists of candidates and test scores or test results (e.g. "pass" or "fail") following administration of physical fitness testing;

f.  Lists of candidates reflecting invitations for an oral interview;

g.  Oral interview evaluation sheets;

h.  Consensus meeting notes and all other records of consensus meetings;

i.  Documents reflecting the reasons any candidate was selected or rejected or the ranking of any candidate on the eligibility list;

j.  Draft and final eligibility lists;

k.  Documents reflecting the identity of candidates hired off the eligibility list and their dates of hire.

**ANSWER:**  Defendants object to Request No. 66 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation.  Defendants object to this request as scoring information is highly confidential and proprietary. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks  hundreds of documents involving more than one hundred officers dating back 17 years. Subject to and without waiving the foregoing objection, see BRES-DEF 0436 and 0518-01053 for records from the 2015 explosive technician I selection process.

27

Investigation continues. Responsive materials are being withheld on the basis of the objections relating to this request.

67.    Job descriptions for the explosives technician I position in effect during the last four rounds of selection for the position.

**ANSWER:**    Defendants object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks hundreds of documents involving more than one hundred officers dating back 17 years. Defendants will produce a job description explosive technician I position in place for the 2015 promotional process.

68.    A copy of all reference materials identified in Employee Resource E0520 issued on February 11, 2015.

**ANSWER:**    Investigation continues.

69.    For the 2015 round of selection for explosives technician I, all candidate score sheets from the MultiCraft Aptitude Test and the scoring key.

**ANSWER:**    Defendants object to this request as scoring information is highly confidential and proprietary.

70.    Records of the last four administrations of the MultiCraft Aptitude Test. This request includes records sufficient to indicate for each date of administration:

a. Number of men to whom the test was administered

b.  Number of men passing

c.  Number of men failing

d.  Number of women to whom the test was administered

e.  Number of women passing

f.  Number of women failing

g.  Reason(s) any man or woman failed

**ANSWER:**    Defendants object to Request No. 70 on the grounds that scoring information is highly confidential and proprietary. Defendants further object to this request as it is overbroad

28

and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks hundreds of documents involving more than one hundred officers dating back 17 years.

71.     Records of the last four administrations of the physical fitness test for the explosives technician I position. This request includes records sufficient to indicate for each date of administration:

        a.   Number of men to whom the test was administered

        b.   Number of men passing

        c.   Number of men failing

        d.   Number of women to whom the test was administered

        e.   Number of women passing

        f.   Number of women failing

        g.   Reason(s) any man or woman failed

**ANSWER:**     Defendants object to Request No. 71 on the grounds that scoring information is highly confidential and proprietary.  Defendants further object to this request as it is overbroad, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks hundreds of documents involving more than one hundred officers dating back 17 years.

72.     For the last four rounds of selection for explosives technician I, candidate score sheets from physical fitness testing.

**ANSWER:**     Defendants object to Request No. 72 on the grounds that the request Defendants object to this request as scoring information is highly confidential and proprietary.  Defendants further object to this request as it is overbroad, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks hundreds of documents involving more than one hundred officers dating back 17 years.

29

73. All documents and ESI supporting the validity or job-relatedness under Title VII of the CPD's physical fitness testing used during the last four rounds of selection for the explosives technician I position.

**ANSWER**: Defendants object to Request No. 73 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks hundreds of documents involving more than one hundred officers dating back 17 years. Defendants further object to Request No. 73 on the grounds that the terms and phrases "supporting", "validity" and "job-relatedness" are vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections investigation continues with regard to the 2015 promotional process for the explosives technician I position.

74. All documents and ESI reflecting any effort to validate CPD's physical fitness testing used during the last four rounds of selection for the explosives technician I position.

**ANSWER**: Defendants object to Request No. 74 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to Request No. 74 on the grounds that the term "validate" is vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections, investigation continues with regard to the 2015 promotional process for the explosives technician I position.

75.     All documents and ESI evidencing that the CPD's physical fitness tests used during the last four rounds of selection for the explosives technician I position were legitimate and non-discriminatory.

**ANSWER:**     Defendants object to Request No. 75 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks hundreds of documents involving more than one hundred officers dating back 17 years. Defendants further object to Request No. 75 on the grounds that the terms and phrases "legitimate" and "non-discriminatory" are vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections investigation continues with regard to the 2015 promotional process for the explosives technician I position.

76.     All documents and ESI supporting the validity or job-relatedness under Title VII of the MultiCraft Aptitude Test to select individuals for the explosives technician I position.

**ANSWER:**     Defendants object to Request No. 76 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to Request No. 76 on the grounds that the terms and phrases "validity" and "job-relatedness" are vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections investigation continues with regard to the 2015 promotional process for the explosives technician I position.

77.     All documents and ESI supporting the validity or job-relatedness of CPD's use of the MultiCraft Aptitude Test to invite the highest-scoring 75 candidates for an interview.

**ANSWER:**     Defendants object to Request No. 77 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation.  Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to Request No. 77 on the grounds that the terms and phrases "supporting", "validity" and "job-relatedness" are vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections investigation continues with regard to the 2015 promotional process for the explosives technician I position.

78.     All documents and ESI evidencing that CPD's use of the MultiCraft Aptitude Test in the explosives technician I selection process was legitimate and non-discriminatory.

**ANSWER:**     Defendants object to Request No. 78 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation.  Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to Request No. 78 on the grounds that the terms and phrases "legitimate" and "non-discriminatory" are vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections investigation continues with regard to the 2015 promotional process for the explosives technician I position.

79.     All documents and ESI referring to the decision to use the MultiCraft Aptitude Test in the explosives technician I selection process or the decision to invite the highest-scoring 75 candidates for an interview.

**ANSWER:** Defendants object to Request No. 79 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Subject to and without waiving the foregoing objections investigation continues with regard to the 2015 promotional process for the explosives technician I position.

80.     For the last four rounds of selection for the explosives technician I position, all general orders, guidelines, instructions, training materials, and other documents and ESI provided to any person who participated in the evaluation of candidates at oral interviews.

**<u>ANSWER:</u>** Defendants object to Request No. 80 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks a substantial amount of documents involving more than one hundred officers covering a 17 year period Subject to and without waiving the foregoing objections investigation continues with regard to the 2015 promotional process for the explosives technician I position. . Responsive documents are being withheld on the basis of the objection.

81.     For the last four rounds of selection for the explosives technician I position, all documents and ESI reflecting the evaluation or selection criteria that oral interviewers were instructed, asked, or expected to apply to their evaluations.

**<u>ANSWER:</u>** Defendants object to Request No. 81 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions,

opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks a substantial amount of documents involving more than one hundred officers covering a 17 year period Subject to and without waiving the foregoing objections investigation continues with regard to the 2015 promotional process for the explosives technician I position. Responsive documents are being withheld on the basis of the objection.

82.    For the last four rounds of selection for the explosives technician I position, all general orders, guidelines, instructions, training materials, and other documents and ESI provided to participants in the consensus meeting.

**ANSWER:**    Defendants object to Request No. 82 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks a substantial amount of documents involving more than one hundred officers covering a 17 year period Subject to and without waiving the foregoing objections investigation continues with regard to the 2015 promotional process for the explosives technician I position. Responsive documents are being withheld on the basis of the objection.

83.    For the last four rounds of selection for the explosives technician I position, all documents and ESI reflecting the evaluation or selection criteria that participants in the consensus meeting were instructed, asked, or expected to apply to their selection decisions.

**ANSWER:**    Defendants object to Request No. 83 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the

34

litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks a substantial amount of documents involving more than one hundred officers covering a 17 year period. Defendants further object to Request No. 83 as the terms and phrases "reflecting", instructed", "asked" and "expect to" are vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections investigation continues with regard to the 2015 promotional process for the explosives technician I position. Responsive documents are being withheld on the basis of the objection.

84.     For the last four rounds of selection for the explosives technician I position, all documents and ESI related to any anti-bias or other training provided to participants in the oral interviews or consensus meetings.

**ANSWER:**     Defendants object to Request No. 84 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to Request No. 84 as the phrase "related to" is vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections investigation continues with regard to the 2015 promotional process for the explosives technician I position. Responsive documents are being withheld on the basis of the objection.

85.     All evidence of any steps CPD has taken to reduce or eliminate racial bias, gender bias, or any other explicit or implicit bias or reliance upon non-relevant factors in the selection of candidates for promotion to explosives technician I.

**ANSWER:**     Defendants object to Request No. 85 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions,

opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to Request No. 85 as this request assumes bias in the selection of candidates for promotion to explosives technician I which Defendants deny. Defendants object to Request No. 85 as the terms and phrases "steps", "implicit bias", "reliance upon", and "non-relevant factors" are vague ambiguous, and subject to multiple interpretations. Subject to and without waiving the foregoing objections, see BRES-DEF 0518-01053.

86.     All documents and ESI supporting the validity or job-relatedness under Title VII of the oral interviews used as a selection procedure for the explosives technician I position.

**ANSWER:**     Defendants object to Request No. 86 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks documents covering a 17 year period. Defendants further object to Request No. 86 on the grounds that the terms and phrases "supporting", "validity" and "job-relatedness" are vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections investigation continues with regard to the 2015 promotional process for the explosives technician I position.

87.     All documents and ESI supporting the validity or job-relatedness under Title VII of the consensus meeting selection procedure used in the selection process for the explosives technician I position.

**ANSWER:**     Defendants object to Request No. 87 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions,

opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks documents covering a 17 year period. Defendants further object to Request No. 87 on the grounds that the terms and phrases "supporting", "validity" and "job-relatedness" are vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections investigation continues with regard to the 2015 promotional process for the explosives technician I position, Defendant answer none.

88.    All documents and ESI evidencing that the CPD's oral interviews for the explosives technician I position during the last four rounds of selection were legitimate and non-discriminatory.

**ANSWER:**    Defendants object to Request No. 88 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks documents covering a 17 year period. Defendants further object to Request No. 88 on the grounds that the terms and phrases "legitimate" and "non-discriminatory" are vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections see BRES 0518-02230 for records from the 2015 explosive technician I selection process.

89.    All documents and ESI evidencing that the decisions made at the explosives technician I consensus meetings during the last four rounds of selection were legitimate and non-discriminatory.

**ANSWER:**    Defendants object to Request No. 89 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in

anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks documents covering a 17 year period. Defendants further object to Request No. 89 on the grounds that the terms and phrases "legitimate" and "non-discriminatory" are vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections see BRES 0518-02230 for records from the 2015 explosive technician I selection process.

90.    All documents and ESI reflecting any effort to validate the oral interview or consensus meeting procedures used to select individuals for promotion explosives technician I.

**ANSWER:**    Defendants object to Request No. 90 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks documents covering a 17 year period. Defendants further object to Request No. 90 on the grounds that the term "validate" is vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections investigation continues for the 2015 explosive technician I selection process.

91.    All documents and ESI related to the selection of Todd Schmitt as a participant in the 2015 explosives technician I selection process.

**ANSWER:**    Defendants object to Request No. 91 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the

litigation. Defendants also object to Request No. 91 on the grounds that the request is overbroad. Defendants further object to Request No. 91 on the grounds that the phrase "related to" is vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections, investigation continues.

92. All documents and ESI provided to Schmitt in connection with 2015 explosives technician I selection process.

**ANSWER:** Defendants object to Request No. 92 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 92 on the grounds that the request is overbroad. Defendants further object to Request No. 92 on the grounds that the phrase "in connection with" is vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections, see BRES 0518-02230.

93. All documents and ESI reflecting any instructions or guidelines Schmitt received about which selection criteria to apply to the selection of candidates for the explosives technician I position, the job requirements of the position, or how to evaluate candidates for the position.

**ANSWER:** Defendants object to Request No. 93 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants also object to Request No. 93 on the grounds that the request is overbroad. Defendants further object to Request No. 93 on the grounds that the term "reflecting" is vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections, see BRES 0518-02230.

94.     For the 2015 selection process for explosives technician I, all emails to candidates notifying them of their rank order on the list for explosives technician I, including emails notifying candidates that they "did not rank."

**ANSWER:**     Investigation continues.

95.     All documents and ESI related to your decision to use oral interviews as a selection procedure for the explosives technician I position.

**ANSWER:**     Defendants object to Request No. 95 to the extent it seeks documents protected by the deliberative process privilege, the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation.  Defendants object to Request No. 95 on the grounds that the request is overbroad as it is not limited in time. This request seeks documents covering a 17 year period. Defendants object to request No. 95 as the phrase "related to" is vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections, for the 2015 Explosive Technician I position, investigation continues.

96.     All documents and ESI related to your decision to use physical fitness testing as a selection procedure for the explosives technician I position.

**ANSWER:**     Defendants object to Request No. 96 to the extent it seeks documents protected by the deliberative process privilege, the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation.  Defendants object to Request No. 96 on the grounds that the request is overbroad as it is not limited in time. This request seeks documents covering a 17 year period. Defendants object to request No. 96 as the term "related to" is vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections, for the 2015 Explosive Technician I position, investigation continues.

97.     All documents and ESI related to your decision to use the MultiCraft Aptitude Test as a selection procedure for the explosives technician I position.

**ANSWER:**     Defendants object to Request No. 97 to the extent it seeks documents protected by the deliberative process privilege, the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants object to Request No. 97 on the grounds that the request is overbroad as it is not limited in time. Defendants object to request No. 97 as the term "related to" is vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections, for the 2015 Explosive Technician I position, investigation continues.

98.     All documents and ESI related to your decision to advance the top 75 highest-scoring candidates on the MutliCraft Aptitude Test through the selection process for the explosives technician I position.

**ANSWER:**     Defendants object to Request No. 98 to the extent it seeks documents protected by the deliberative process privilege, the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants object to Request No. 98 on the grounds that the request is overbroad as it is not limited in time. Defendants object to request No. 98 as the term "regarding" is vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections, for the 2015 Explosive Technician I position, investigation continues.

99.     All documents and ESI regarding your decision to use FBI agents outside CPD to screen candidates for the explosives technician I position.

**ANSWER:**     Defendants object to Request No. 99 to the extent it seeks documents protected by the deliberative process privilege, the attorney-client privilege or the attorney work product

doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants object to Request No. 99 on the grounds that the request is overbroad as it is not limited in time or scope, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of this case. Defendants object to request No. 99 as the term "regarding" is vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections, for the 2015 Explosive Technician I position, none.

100.    All documents and ESI regarding your decision to use FBI agents outside CPD or any other non-CPD employee to screen candidates for any position in the Special Functions Division.

**ANSWER:**    Defendants object to Request No. 100 to the extent it seeks documents protected by the deliberative process privilege, the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants object to Request No. 100 on the grounds that the request is overbroad as it is not limited in time or scope, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of this case. The Special Function Division employees hundreds of officers across several different units unrelated to any party's claims. Defendants object to request No. 100 as the term "regarding" is vague, ambiguous and subject to multiple interpretations. Subject to and without waiving the foregoing objections, for the 2015 Explosive Technician I position, none.

101.    Records of all administrations of the physical fitness test used in the selection process for positions on the SWAT Team since 2008. This request includes records sufficient to indicate for each date of administration:

    a.    Content of the test and its scoring mechanism

    b.    Number of men to whom the test was administered

    c.  Number of men passing

    d.  Number of men failing

    e.  Number of women to whom the test was administered

    f.  Number of women passing

    g.  Number of women failing

    h.  Test score of each candidate (or "pass" or "fail" result)

    i.  Reason(s) any man or woman failed (e.g. failure to complete)

**ANSWER:**    Defendants object to Request No. 101 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants object to this request as scoring information is highly confidential and proprietary. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.. Defendants further object to Request No. 101 as the phrase "records sufficient" is vague, ambiguous, and subject to multiple interpretations. Responsive materials are being withheld on the basis of the objections relating to the selection process for the SWAT team.

    102.    Records of all administrations of any physical fitness test used in the selection process for positions in all other SFD units since 2008. This request includes records sufficient to indicate for each date of administration:

    a.  Content of the test and scoring mechanism

    b.  Number of men to whom the test was administered

    c.  Number of men passing

    d.  Number of men failing

    e.  Number of women to whom the test was administered

    f.  Number of women passing

    g.  Number of women failing

h.  Test score of each candidate (or "pass" or "fail" result)

i.  Reason(s) any man or woman failed (e.g. failure to complete)

**<u>ANSWER:</u>**  Defendants object to Request No. 102 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation.  Defendants object to this request as scoring information is highly confidential and proprietary. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to Request No. 102 as the phrase "records sufficient" is vague, ambiguous, and subject to multiple interpretations. Responsive materials are being withheld on the basis of the objections relating to this request.

103.  Records of the selection process for all first-level positions in the following Special Functions Division units since 2008: SWAT Team, Marine Unit, Helicopter Unit, Canine Unit, and Mounted Unit. This request includes records sufficient to indicate for each round of selection:

a.  Number of men and women who applied

b.  Number of men and women who passed any written test and their written test scores

c.  Number of men and women who passed physical fitness testing and their fitness test scores

d.  Number of men and women interviewed

e.  Number of men and women placed on an eligibility list

f.  Number of men and women selected. This request also includes, for each selection process:

a.  Job announcements

44

      b.   Documents referenced in the job announcements (e.g. reference materials, study guides etc.)

      c.   Applications and other materials submitted by candidates

      d.   Lists of candidates and test scores following administration of any written examination

      e.   Documents describing the content of all physical fitness testing

      f.   Lists of candidates and test scores or test results (e.g. "pass" or "fail") following administration of physical fitness testing

      g.   Lists of candidates reflecting invitations for an oral interview

      h.   Oral interview evaluation sheets

      i.   Consensus meeting notes and all other records of consensus meetings

      j.   Documents reflecting the reasons that each candidate was selected or not selected

      k.   Draft and final eligibility lists

      l.   Documents reflecting the identity of candidates hired off the eligibility list and their dates of hire.

**ANSWER:**   Defendants object to Request No. 103 on the grounds that scoring information is highly confidential and proprietary. Defendants further object to this request as it is overbroad, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Since 2008, SFD has conducted 10 selection processes, involving approximately 2,390 applicants (those with complete applications not just officers applying on-line) and generated thousands of documents. Defendants further object to Request No. 103 as the terms and phrases "reflecting", "records sufficient to indicate", and "describing" are vague, ambiguous and subject to multiple interpretations. Responsive materials are being withheld on the basis of the objection relating to this request.

      104.   All evidence of the validity or job-relatedness under Title VII of any written test, physical fitness test, oral interviews, consensus meetings, or other selection procedures used in

the selection of officers for positions on the SWAT Team, Marine Unit, Helicopter Unit, Canine Unit, and Mounted Unit since 2008.

**ANSWER:**     Defendants object to Request No. 104 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation.  Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks documents covering a 17 year period. Subject to and without waiving the foregoing objections, none.

105.   All documents and ESI reflecting any effort to validate any of the selection procedures used in the selection of officers for positions on the SWAT Team, Marine Unit, Helicopter Unit, Canine Unit, and Mounted Unit since 2008.

**ANSWER:**     Defendants object to Request No. 105 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation.  Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks documents covering a 17 year period. Defendants further object to Request No. 105 on the grounds that the terms "reflecting" and "validate" are vague, ambiguous and subject to multiple interpretations.  Subject to and without waiving the foregoing objections, none.

106.  All documents and ESI reflecting that the selection procedures used to select officers for positions on the SWAT Team, Marine Unit, Helicopter Unit, Canine Unit, and Mounted Unit since 2008 were legitimate and non-discriminatory.

**ANSWER:**    Defendants object to Request No. 106 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation.  Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. This request seeks documents covering a 17 year period. Defendants further object to Request No. 106 on the grounds that the terms "legitimate" and "non-discriminatory" are vague, ambiguous and subject to multiple interpretations. Responsive materials are being withheld on the basis of the objections relating to this request.

107.  All documents and ESI analyzing, discussing, or referring to the impact of any Special Functions Division selection procedures on employment opportunities for women.

**ANSWER:**    Defendants object to Request No. 107 to the extent it seeks documents protected by the deliberative privilege process, the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. The Special Function Division employees hundreds of officers across several different units unrelated to any party's claims.  Defendants further object to Request No. 107 on the grounds that the terms "impact" is vague, ambiguous and subject to multiple interpretations..

108.  All documents and ESI reporting on, referring to, discussing, analyzing, disclosing, or concerning the rate at which women are selected for positions in any Special Functions Division unit.

**ANSWER:**    Defendants object to Request No. 108 to the extent it seeks documents protected by the deliberative privilege process, the attorney-client privilege or the attorney work product

doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. The Special Function Division employees hundreds of officers across several different units unrelated to any party's claims.

109. All documents and ESI reflecting any effort by CPD to reduce or eliminate gender bias in the Special Functions Division or any of its units.

**ANSWER:** Defendants object to Request No. 109 to the extent it seeks documents protected by the deliberative privilege process, the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. The Special Function Division employees hundreds of officers across several different units unrelated to any party's claims. Defendants also object to Request No. 109 as it assumes that a gender bias exists in the Special Function Division, which Defendants deny.

110. All documents and ESI reflecting any affirmative efforts by the CPD to recruit, select, or promote women to positions in the Special Functions Division.

**ANSWER:** Defendants object to Request No. 110 to the extent it seeks documents protected by the deliberative privilege process, the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. The Special Function Division employees

hundreds of officers across several different units unrelated to any party's claims. Defendants further object to Request No. 110 on the grounds that the phrase "affirmative efforts" is vague, ambiguous and subject to multiple interpretations.

111. All documents received from or provided to any federal agency in connection with any claims brought or review or investigation conducted by the federal government concerning any allegation of sex discrimination in the Special Functions Division.

**ANSWER:**    Defendants object to Request No. 111 on the grounds that the request is overbroad as it is not limited in time or scope, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of this case. The Special Functions Division employees hundreds of officers in several units unrelated to these claims. Defendant further objects to Request No. 111 as the terms and phrases "in connection", "review or investigation conducted", and "concerning" are vague, ambiguous, and subject to multiple interpretations.

112. Documents or ESI sufficient to determine the wage rates, hours worked, and overtime pay earned by officers in the explosive technician I position from July 2015 to the present.

**ANSWER:**    Defendants object to the use of the term "sufficient" used in Request No. 112 as that is open to interpretation. Defendants also object to Request No. 112 on the grounds that the request is overbroad. Investigation continues.

113. All text messages, instant messages, and email among or between the individual Defendants referring to Schloss or Bresnahan.

**ANSWER:**    Defendants object to Request No. 113 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Defendants further object to this request as it is overbroad, unduly burdensome and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiff should not be entitled to go on fishing expeditions through Defendants'

49

personal text messages, instant messages or personal email accounts. Defendants further object to Request No. 113 on the grounds that the phrase "referring to" is vague, ambiguous, and subject to multiple interpretations. Investigation continues.

114.   All posts or messages on any social media platform (including but not limited to Facebook, Instagram, Twitter, and SnapChat) or internet forum used by any of the individual Defendants related to Schloss or Bresnahan.

**ANSWER:**   Defendants object to Request No. 114 on the grounds that the request is overbroad, intrusive, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiffs should not be entitled to go on fishing expeditions through Defendants' social media accounts. Defendants further object to Request No. 114 on the grounds that the terms and phrases "posts", "messages", and "related to" are vague, ambiguous, and subject to multiple interpretations. Subject to and without waiving the foregoing objections, Defendants state none.

115.   All posts or messages on any social media platform (including but not limited to Facebook, Instagram, Twitter, and SnapChat) or internet forum used by any of the individual Defendants that include degrading comments about women or other sexist or misogynistic remarks, comments, or photographs.

**ANSWER:**   Defendants object to Request No. 115 on the grounds that the request is overbroad, intrusive, and seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants should not be entitled to go on fishing expeditions through Plaintiff's social media accounts. Defendants further object to Request No. 115 as the terms and phrases "posts",  "messages", "degrading comments" "sexist" and "misogynistic" are vague, ambiguous, and subject to multiple interpretations. Subject to and without waiving the foregoing objections, Defendants state none.

116.   All documents and ESI that you contend support any affirmative defense you have asserted.

**ANSWER:**   Defendants object to Request No. 116 to the extent it seeks documents prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives concerning the litigation. Defendants also object to Request No. 116 on the grounds that the request is overbroad. Investigation continues.

117.   All documents and ESI that you contend support your denial of any of the allegations or claims in Plaintiffs' complaints.

**ANSWER:**   Defendants object to Request No. 117 to the extent it seeks documents prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives concerning the litigation. Subject to and without waiving the foregoing objections, Defendants also object to Request No. 117 on the grounds that the request is overbroad. Defendants state that they have already produced the following responsive documents BRES-DEF 0001-02230. Investigation continues.

118.   All statements or non-privileged memos related to statements of witnesses or potential witnesses or persons contacted in connection with these cases.

**ANSWER:**   Defendants object to Request No. 118 to the extent it seeks documents protected by the investigative privilege, the attorney-client privilege or the attorney work product doctrine including those prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys or other representative concerning the litigation. Subject to and without waiving the foregoing objections, Defendants state that investigation continues.

119.    All documents which you intend to introduce into evidence at trial, or rely on in moving for or opposing summary judgment in these cases, or which may be used to refresh the recollections of witnesses at depositions or trial.

**ANSWER:**    Defendants object to Request No. 119 to the extent it seeks documents prepared in anticipation of litigation or for trial or disclosure of the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives concerning the litigation. Subject to and without waiving the foregoing objections, Defendants state that they have already produced the following responsive documents BRES-DEF 0001-02230. Investigation continues.

Dated: January 11, 2019

City Of Chicago, a Municipal Corporation
Edward N. Siskel, Corporation Counsel

BY:    */s/ Howard P. Levine*
Howard P. Levine
Assistant Corporation Counsel Supervisor

HOWARD P. LEVINE, Assistant Corporation Counsel Supervisor
JESSICA DURKIN, Assistant Corporation Counsel
30 North LaSalle Street, Suite 1020
Chicago, Illinois  60602
(312) 744-0898
(312) 744-3989 (Fax)

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on January 11, 2019, he served the foregoing requests for production via email on counsel for Plaintiffs.

_/s/ Howard P. Levine_
Howard P. Levine
Assistant Corporation Counsel Supervisor