## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ALLISON SCHLOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18-cv-01880 |
| v. | ) | Judge Thomas M. Durkin |
| | ) | Magistrate Judge Maria Valdez |
| CITY OF CHICAGO, *et al.* | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| MAUREEN BRESNAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18-cv-01974 |
| v. | ) | Judge Thomas M. Durkin |
| | ) | Magistrate Judge Maria Valdez |
| CITY OF CHICAGO, *et al.* | ) | |
| | ) | |
| Defendants, | ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' CONSOLIDATED MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendants City of Chicago (the "City") and individual defendants Deputy Chief Steve

E. Georgas, Commander Warren Richards, Sgt. Frederick Harnisch, Sgt. Karoly Hajdu, (Ret.)

Sgt. Angel Romero, (Ret.) Sgt. Robert Fitzsimmons in *Schloss v. City of Chicago*, Case No. 18-

cv-01880 ("*Schloss*") and Sgt. James Egan in *Bresnahan v. City of Chicago*, Case No. 18-cv-

1974 ("*Bresnahan*") (collectively, "Defendants") (*Schloss* and *Bresnahan* lawsuits collectively

referred to herein as the "Cases"), by their attorneys and pursuant to Fed. R. Civ. P.

37(a)(3)(B)(iv), oppose Plaintiffs' Consolidated Motion to Compel Production of Documents,

because 1) Plaintiffs' motion is premature; and 2) Plaintiffs' propounded *Monell* related

discovery is not relevant or proportional to the needs of the Cases, as Plaintiffs seek discovery

far outside any reasonably relevant temporal scope and disproportionate to the claims and

defenses in the Cases.  For these reasons, as set forth more fully below, Defendants ask that the

Court deny Plaintiffs' Motion to Compel.

## STANDARD OF REVIEW

District judges have broad discretion over discovery matters.  *Kuttner v. Zaruba*, 819

F.3d 970, 974 (7th Cir. 2016); *Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of*

*Mich., Inc.*, 674 F.3d 630, 636 (7th Cir. 2012).  Under Federal Rule of Civil Procedure 26(b)(1),

parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's

claim or defense and proportional to the needs of the case." FRCP 26(b)(1); *City of Rockford v.*

*Mallinckrodt ARD, Inc.*, 326 F.R.D. 489, 492 (N.D. Ill. 2018) (2015 amendments to the Federal

Rules provide a "renewed emphasis on proportionality").  In considering matters of

proportionality, Rule 26(b)(1) directs courts to consider "the importance of the issues at stake in

the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit." *Id*.  The Supreme

Court has instructed that "discovery, like all matters of procedure, has ultimate and necessary

boundaries. . . . limitations come into existence when the inquiry touches upon the irrelevant . . ."

*Hickman v. Taylor*, 329 U.S. 495, 507-08, 67 S. Ct. 385, 91 L. Ed. 451 (1947).

## ARGUMENT

### I.       Plaintiffs' Motion is Premature.

Plaintiffs' Motion is premature, as Plaintiffs' counsel has not met their obligations under

the Local or Federal Rules to engage, in good faith, in defining the scope of discovery.  Northern

2

District of Illinois Local Rule 37.2 provides, "[t]o curtail undue delay and expense in the

administration of justice, this court shall hereafter refuse to hear any and all motions for

discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil

Procedure, unless the motion includes a statement (1) that after consultation in person or by

telephone and good faith attempts to resolve differences they are unable to reach an accord . . .

the statement shall recite the efforts made by counsel to engage in consultation." Rule 37 of the

Federal Rules of Civil Procedure provides that a motion "for an order compelling disclosure or

discovery . . . must include a certification that the movant has in good faith conferred or

attempted to confer with the person or party failing to make a disclosure or discovery in an effort

to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Further, FRCP 37(f) requires the

parties to participate, in good faith, in developing and submitting a proposed discovery plan.

Defendants agree that on February 28, 2019, counsel for the parties met in-person (the

"Rule 37 Conference") to discuss Defendants' responses to Plaintiffs' discovery requests.

However, Plaintiffs' counsel omits Defendants' efforts to compromise on the scope of relevant

discovery *during* and *after* the Rule 37 Conference – efforts in which Plaintiffs' counsel has

failed to engage. "Local Rule 37.2 mandates, not discussions, but 'good faith' discussions . . .

[c]hatting for a bit about a dispute and maintaining an untenable position at worst or a tenuous

position at best, is not engaging in a good faith meet and confer." *Rustom v. Rustom*, No. 17 C

9061, 2018 U.S. Dist. LEXIS 105480, at *5-6 (N.D. Ill. June 25, 2018) (denying plaintiff's

motion to compel production of documents for plaintiff's failure to engage in good faith efforts),

citing *West Bend Mut. Ins. Co. v. Zurich Am. Ins. Co.*, No. 17 C 2598, 308 F. Supp. 3d 954 (N.D.

Ill. Apr. 11, 2018); *see also Gunn v. Stevens Sec. & Training Servs.*, No. 17 C 6314, 2018 U.S.

Dist. LEXIS 61587, 2018 WL 1737518, at *3 (N.D. Ill. Apr. 11, 2018) ("A party that steadfastly

maintains a position without support is not engaging in a good faith discussion."); *Infowhyse Gmbh v. Fleetwood Grp.*, No. 15 CV 11229, 2016 U.S. Dist. LEXIS 99217, 2016 WL 4063168, at \*2 (N.D. Ill. July 29, 2016) (requirement to meet and confer "in good faith . . . is not without meaning.").

On March 13, 2019, Plaintiffs' counsel wrote a letter to Defense counsel purportedly summarizing the agreements reached during the Rule 37 Conference, to which Defendants' counsel responded with clarifications on March 21, 2019.  (Exhibits A & C.)  As noted in Defendants' March 21, 2019 letter, during the Rule 37 Conference, Defendants explained their position that discovery related to the application and selection rounds for the Special Functions Division ("SFD") units, outside of the two most recent selection rounds for Bomb Squad in 2015 and 2010-2011, which occurred in 2002 and 2005 were not relevant and well outside the legally plausible temporal scope of either Plaintiff's claims.  Indeed, the *Bresnahan* Defendants compromised by agreeing to produce documents beyond the selection round in which Plaintiff Bresnahan participated (and were already produced), including documents from the second most recent selection round.  (Exhibit C.)  The *Schloss* Defendants objected to the production of documents related to the hiring and selection process for the Marine and Helicopter units, as Plaintiff Schloss' claims arose from her demotion – not from any application or selection process - but agreed to reconsider their position related to applications and selection rounds for the Marine and Helicopter units, in light of Plaintiff Schloss' *Monell* claims.  (*Id*.)  Defendants stood on their objection that discovery of any SFD units outside of Bomb Squad or Marine and Helicopter are wholly irrelevant to Plaintiffs' claims.

Plaintiffs' counsel has not made any concessions and maintained their steadfast position that discovery into all seven units within the SFD for *at least* the past 15 years – in many

instances more than 20 years - was appropriate.  Moreover, Plaintiffs have not articulated how the hiring or promotion practices and policies of the other SFD units, such as SWAT, Canine, and Mounted, are related to the Marine and Helicopter and Bomb Squad units involved in the Cases.  In considering Plaintiffs' Motion and in the spirit of Local Rule 37.2, it is necessary to ask: Where have Plaintiffs offered to compromise?  Plaintiffs' maintenance of an untenable position does not constitute engagement "in a good faith meet and confer."

In conjunction with Defendants' offers to compromise, Defendants made clear that much of the discovery at issue is likely to be electronically stored.  Therefore, during the Rule 37 Conference, Defendants also volunteered to propose ESI search terms and custodians as a basis for framing a discovery plan moving forward and to supplement Defendants discovery responses.  (Exhibit C.)  Within two weeks, on March 14, 2019, Defendants formally proposed ESI custodians and search terms, which encompass ESI discovery that would respond to certain requests Plaintiffs now raise in their Motion to Compel, including Plaintiffs' *Monell* claims. (Exhibit B.)  Plaintiffs' counsel acknowledged receipt of the proposal and indicated they would "need some time to review the custodian and search term suggestions you have made. We'll get back to you on that." (*Id*.)  Plaintiffs' counsel has yet to follow up on Defendants' proposed ESI custodians and search terms.  Defining the scope of ESI is particularly important here, as Defendants anticipate the ESI will encompass a significant amount of documents responsive to Plaintiffs' *Monell* discovery.

Defendants have engaged in good faith to negotiate a reasonable scope of discovery in the Cases, without judicial intervention.  *W. Bend Mut. Ins. Co. v. Zurich Am. Ins. Co*., 308 F. Supp. 3d 954, 959 (N.D. Ill. 2018) ("A negotiated outcome is more likely to give both sides at least a somewhat satisfactory resolution . . . one that does not require judicial intervention as the

Local Rule and the Federal Rules of Civil Procedure envision.").  Plaintiffs' counsel has failed to respond to Defendants' March 14, 2019 proposed ESI search terms and  has not attempted to compromise as to an appropriate scope of discovery or frame a reasonable discovery plan, as required under Local Rule 37.2 and FRCP 26 and 37.  Thus, the Court should deny Plaintiffs' motion as premature.

## II.        Plaintiffs' Propounded Discovery Far Exceeds Any Reasonably Relevant Scope and Is Not Proportional to the Needs of the Cases.

Even if the Court is willing to consider Plaintiffs' Motion, Plaintiffs' discovery requests far exceed the needs of the Cases.  Without any suggestion of relatedness in terms of policies, procedures, practices, testing requirements, or decision-makers, Plaintiffs seek discovery related to *all* SFD units, including units to which Plaintiffs never applied nor were employed, such as the SWAT, Canine, and Mounted units.  Indeed, some document requests seek discovery of *all* units of the Chicago Police Department.  (*See* Document Request Nos. 59-60.)  The majority of Plaintiffs' discovery requests are not limited in temporal scope or seek approximately 20 years' worth of discovery.

Plaintiffs have yet to suggest any reason why discovery into all units outside of the Bomb Squad and Marine and Helicopter might be relevant, nor have they explained how a nearly twenty-year-long time frame for discovery is proportional to the issues raised in the Cases, which concern a single promotion process in 2015 for *Bresnahan* and a demotion in 2016 for *Schloss*. Furthermore, the purported "statistics" upon which Plaintiffs rely for their *Monell* claims are from 2016 and 2018.  Plaintiffs have not even attempted to carry their burden of explaining how certain of their requests are relevant.  *Rustom v. Rustom*, No. 17 C 9061, 2018 U.S. Dist. LEXIS 105480, at *5 and n.3 (N.D. Ill. June 25, 2018).  Plaintiffs essentially argue that since their Complaints include *Monell* claims, they are entitled to unlimited discovery.  However,

6

> [t]he discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts-and no more. Failure to exercise appropriate control results in needless and enormous costs to the litigants and to the due administration of justice. Thus, courts frequently restrict discovery based on relevance objections. *Id*. (citations omitted).

Without further efforts to explain their position and their reliance on raw numbers couched as "statistical" percentages from 2016 and 2018, Plaintiffs attempt to obtain a ticket to discovery involving decades of CPD records and unrelated personnel, across numerous units or even the entire CPD. *Padilla v. City of Chi*., No. 06 C 5462, 2011 U.S. Dist. LEXIS 29161, at *18 (N.D. Ill. Mar. 21, 2011), *overruled in part by* 2011 WL 3651273, *4 (N.D. Ill. Aug. 18, 2011) ("The plaintiffs cannot use the same generic pool of statistics to prove their *Monell* claim in every case; *Monell* is not so broad that it allows for guilt by association. The plaintiffs must make a showing that the policy existed with respect to the named defendants, and that it was the "moving force" behind the defendants' conduct.") Allowing discovery on this scope, without additional justification—either through non-conclusory allegations and factual support or meaningful discussions—would set an unworkable discovery precedent for cases involving even the most cursory *Monell* claims against government entities.

Further, Plaintiffs' reliance on *Oppenheimer Fund v. Sanders* is misplaced, as it was decided long before the 2015 amendments to the Federal Rules which now expressly require the courts to assess proportionality. 437 U.S. 340 (1978). Plaintiffs' bald assertion that their document requests are "reasonably calculated to lead to the discovery of admissible evidence . . . on their *Monell* claims . . . is not only insufficient, but an incorrect statement of the law." *Estate of Swayzer v. Clarke*, No. 16-CV-1703, 2017 U.S. Dist. LEXIS 203170, at *5-6 (E.D. Wis. Dec. 11, 2017) citing *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117, at *6 (N.D. Ind. July 8, 2016) (quoting Fed. R. Civ. P. 26(b)(1)

advisory committee's note to 2015 amendment) ("[T]he oft-cited 'reasonably calculated to lead to the discovery of admissible evidence' language was removed from [Rule 26] through the amendment because it had been used 'by some, incorrectly, to define the scope of discovery' as more broad than the scope set forth in Rule 26(b)(1).")  Here, Plaintiffs have not shown that the discovery sought is relevant and proportional to the issues reasonably defined by Plaintiffs' respective allegations.  *See* Fed. R. Civ. P. 26(b)(1).

### A. *Plaintiffs' Discovery Requests Extend Well Beyond Any Reasonably Relevant Temporal Scope.*

Plaintiffs' discovery requests seek 20 years of discovery, which is well beyond any reasonable temporal scope.[1]  Indeed, even *Monell* claims have a two-year statute of limitations and thus the discovery into their claims should not surpass such a statute of limitations ten-fold.

Specifically, Plaintiff Bresnahan's claims arise out of her participation in the application and selection process for promotion to the Explosives Technician I position in Bomb Squad in 2015.  The Bomb Squad was not included as part of the SFD until March 2013, thus the first and only hiring process during which the Bomb Squad was part of SFD was in 2015 – the process in which Plaintiff Bresnahan participated.  That the Bomb Squad joined the SFD in 2013 also undermines any suggestion that Plaintiff Bresnahan's claims somehow justify SFD-wide discovery on hiring or promotional practices prior to 2013.  Nonetheless, during the parties' Rule 37 Conference, Defendants agreed to produce documents relating to two rounds of Bomb Squad hiring: the round in which Plaintiff Bresnahan participated (for which documents had been produced) and the prior round in 2010-2011.  On March 14, 2019, Defendants also proposed ESI

---

[1] For Document Request No. 24, Plaintiffs seek discovery for the entire time period during which Defendant Georgas was acting or Deputy Chief of SFD (which Plaintiffs allege was from July 2012-September 2016, *see Schloss* Compl. ¶19); for Document Request Nos. 101-103 and 106, Plaintiffs seek discovery "since 2008"; and for Document Request Nos. 58-61 and 106-111 Plaintiffs offer no temporal limitation.

custodians and search terms for *Bresnahan* beginning January 1, 2015.[2] (Exhibit B.)

Defendants maintain their objection that discovery into the two previous rounds of Bomb Squad

hiring in 2002 and 2005, as well beyond any relevant temporal scope and not proportional to the

claims in *Bresnahan*.

Plaintiff Schloss was promoted to commanding officer of the Marine and Helicopter units

in May 2014, where she served until May 2016. (*Schloss* Am. Compl. ¶ 2.) On March 14, 2019,

Defendants proposed ESI custodians and search terms for *Schloss* beginning January 1, 2014.

(Exhibit B.) Without any feedback from Plaintiffs on Defendants' proposed ESI search

parameters, Defendants maintain their objection that discovery before January 1, 2014 is well

beyond any relevant temporal scope and is not proportional to the claims in *Schloss*.

District courts should consider "the scope of the claims at issue to determine the outer

bounds of permissible discovery." *Terry v. Cnty. of Milwaukee*, No. 17-CV-1112-JPS, 2018

U.S. Dist. LEXIS 46359, at *6 (E.D. Wis. Mar. 21, 2018). Recency is also one component of

relevance. *Kuttner v. Zaruba*, 819 F.3d 970, 974-75 (7th Cir. 2016) ("Here, restricting the time

period wasn't just about preempting a fishing expedition; it also served to hone in on possible

comparators who were reasonably likely to have been subject to the same rules, supervisors, and

decision-making process as [plaintiff].") Furthermore, courts have found that discovery over a

five-year period is reasonable for *Monell* claims. *Awalt v. Marketti*, 2012 U.S. Dist. LEXIS

177933; *Gable v. City of Chicago*, 296 F. 3d 531, 538 (7th Cir. 2002); *Padilla v. City of

Chicago*, No. 06 C 5462, 2011 U.S. Dist. LEXIS 92476, 2011 WL 3651273, *4 (N.D. Ill. Aug.

18, 2011); *Johnson v. City of Joliet*, 2007 U.S. Dist. LEXIS 10111, 2007 WL 495258, *4 (N.D.

Ill. Feb. 13, 2007). Thus, Plaintiffs' propounded discovery is not relevant or proportional to the

---

[2] The ESI proposed would be responsive to 30 of the 44 document requests raised in Plaintiffs' Motion.
(*see* Document Request Nos. 63-67, 70-90, 95-98; Motion Ex. B.)

issues at stake, and should be temporally limited to *after* January 1, 2014 for *Schloss* and January 1, 2015 for *Bresnahan*. *See* Fed. R. Civ. P. 26(b)(1).

      B. *Discovery Regarding All SFD Units is Outside the Scope Permitted by Rule 26.*

      Plaintiffs' discovery requests regarding *all* SFD units far exceeds the scope allowed under FRCP 26 for a number of reasons. First, Plaintiffs' argument that "all of the [SFD units] have 'abysmal' numbers of women employed in them" is not sufficient to establish that discovery into all SFD units is proportional to the Cases. Second, Plaintiffs argue that "[a]ll of these units reported to Defendant Steve Georgas, Deputy Chief of the SFD during the relevant time periods," yet, Defendant Georgas is not named as an individual defendant in *Bresnahan* and has no alleged nexus to the *Monell* claim pled in *Bresnahan*.

      In addition, the *Schloss* Defendants object to discovery into any of the hiring or selection processes for the Marine and Helicopter units because Schloss' claims relate to her *demotion* from her then-existing position as commanding officer of the Marine and Helicopter unit in 2016. None of the plausible, non-conclusory allegations in *Schloss* relate to a hiring or selection process. If anything, the fact that Plaintiff Schloss was promoted to commander in the Marine and Helicopter units undermines her conclusory *Monell* claims and reinforces why discovery on the application and hiring processes in the Marine and Helicopter Units is not justified.

      Plaintiffs should not be permitted to embark upon an expansive, two-decades-long fishing expedition into every unit of the SFD. Plaintiffs' reliance on generic statistics from 2016 and 2018 does not justify the extraordinary breadth of their discovery requests. Indeed, Plaintiffs' reliance on general statistics over facts and their scattershot discovery requests highlight Plaintiffs' failure to offer any sense of exactly *what* "unlawful pattern or practice, and unconstitutional custom and practice, of sex discrimination in SFD" was in place that might

10

render discovery of *all* SFD units relevant to their claims. Without alleging a unifying or consistent policy or practice across all SFD units, and without providing any plausible theories or explanations through a meet-and-confer process that might allow for more proportional discovery efforts, Plaintiffs cannot justify the exceedingly broad scope of the discovery requests at issue. Accordingly, the discovery allowed "must be limited to policies and practices that are the moving force behind the specific constitutional violations allegedly inflicted" on Plaintiffs and to "the particular conduct alleged in the complaint." *Padilla v. City of Chi.*, No. 06 C 5462, 2011 U.S. Dist. LEXIS 29161, at *14-15 (N.D. Ill. Mar. 21, 2011) (citations omitted). Thus, Plaintiffs' discovery should be limited to the application and hiring process in the Bomb Squad after January 1, 2014 and commanding officer retention in the Marine and Helicopter units after January 1, 2015.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs' Consolidated Motion to Compel Production of Documents must be denied.

Dated: May 3, 2019

Respectfully submitted,

/s/ Daniel A. Kaufman_____
Daniel A. Kaufman
dakaufman@michaelbest.com
Christopher R. Parker
crparker@michaelbest.com
Alexius Cruz O'Malley
acomalley@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
444 W. Lake Street, Ste. 3200
Chicago, IL 60606

Attorneys for Defendants

11

**CERTIFICATE OF SERVICE**

I, hereby certify that on May 3, 2019, the foregoing ***Defendants' Opposition to Plaintiffs Consolidated Motion to Compel Production of Documents***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Marni J. Willenson
Samantha M. Kronk
WILLENSON LAW, LLC
542 S. Dearborn St.
Suite 610
Chicago, IL 60605
(312) 546-4910
E-mail: marni@willensonlaw.com

Cynthia H. Hyndman
Benjamin E. Schwab
Laura R. Feldman
ROBINSON CURLEY P.C.
300 South Wacker Drive
Suite 1700
Chicago, IL 60606
(312) 663-3100
E-mail: chyndman@robinsoncurley.com
E-mail: bschwab@robinsoncurley.com
E-mail: lfeldman@robinsoncurley.com

/s/   Alexius Cruz O'Malley
One of the Attorneys for Defendants

Daniel A. Kaufman
dakaufman@michaelbest.com
Christopher R. Parker
crparker@michaelbest.com
Alexius Cruz O'Malley
acomalley@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
444 W. Lake Street, Suite 3200
Chicago, IL  60606
T:  312-222-0800
F:  312-222-0818

12