**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALLISON SCHLOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18-cv-01880 |
| v. | ) | Judge Thomas M. Durkin |
| | ) | Magistrate Judge Maria Valdez |
| CITY OF CHICAGO, *et al.* | ) | |
| | ) | |
| Defendants, | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFF'S COMPLETE RESPONSES TO WRITTEN DISCOVERY REQUESTS**

Pursuant to Federal Rules of Civil Procedure 33, 34, and 37, and Local Rule 37.2, Defendants, the City of Chicago (the "City"), Deputy Chief Steve E. Georgas, Sgt. Frederick Harnisch, Sgt. Karoly Hajdu, Angel Romero, and Robert Fitzsimmons (the "Individual Defendants") (the City and Individual Defendants [1] collectively referred to as "Defendants"), by and through their undersigned attorneys, collectively move to compel Plaintiff Allison Schloss to comply with her discovery obligations and provide complete responses to Defendants' written discovery requests. [2] In support of this motion, Defendants state as follows:

## I. INTRODUCTION

Plaintiff has refused to provide basic, yet critical, information and documents to prosecute her case, including but not limited to: 1) the factual bases for her numerous allegations against Defendants, including her discrimination, retaliation, Illinois Whistleblower Act, and *Monell*

[1] On December 10, 2019, the only claim in Plaintiff's Second Amended Complaint against individual defendant Commander Warren Richards was dismissed without prejudice; thus, Defendant Richards is no longer a party to this litigation. (Dkt. 111).

[2] This Motion does not address Plaintiff's refusal to provide medical information or records and sign a HIPAA authorization related to her claim for damages. Defendants have addressed such issues by separate Motion to Compel.

claims; 2) personal or employment-related documents from 2013 to the present related to her claims or Defendants' defenses, including any records, diaries, journals, calendars, phone logs, appointment or date books, notes, logs, correspondences, or memoranda; 3) cellphone records for May 29, 2016, the date of the fatal drowning incident, which Plaintiff claims wrongfully led to her reassignment; and 4) income tax returns from 2014 to the present, which directly relate to Plaintiff's purported damages for lost income and overtime compensation, as well as her duty to mitigate damages.[3]

## II. **BACKGROUND**

Plaintiff's Second Amended Complaint ("Complaint") alleges multiple employment-related claims and a variety of damages against Defendants pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq*., the Equal Protection Clause Section 1983, the Illinois Civil Rights Act, 740 ILCS 23/5(a)(1), and the Illinois Whistleblower Act, 740 ILCS 174/15(b). (Dkt. 95.) Plaintiff also brings a Section 1983 *Monell* claim against the City, alleging it has a pattern and practice of discriminating against women in certain Special Functions Division ("SFD") units of the Chicago Police Department ("CPD"). (*See* Dkt. 95.) Plaintiff claims she has suffered injuries as a result of Defendants' alleged conduct, including damage to her reputation and emotional distress, and seeks various types of damages including back pay, compensatory damages, and other make whole legal or equitable relief. (*Id.* at pp. 37-38; *see also* Plaintiff's MIDP Disclosures, attached as Exhibit A.)

[3] During the Parties' June 9, 2020 Rule 37 conference, Plaintiff's counsel stated they intend to produce additional documents in response to Defendants' First and/or Second Requests to Produce Documents, but that they have not yet reviewed such documents due to the COVID-19 pandemic. On July 29, 2020, Defendants inquired as to the status of Plaintiff's production, but Plaintiff's counsel refused to provide an update until August 4, 2020. Despite Plaintiff's continued delay, based on counsel's earlier assertions, Defendants do not currently contest Plaintiff's responses to those requests to which Plaintiff has indicated a willingness to produce documents. Instead, Defendants bring this Motion regarding interrogatories and requests to produce on which the Parties have reached an impasse. Defendants reserve and do not waive their right to seek additional assistance from the Court, if necessary, after Plaintiff produces additional documents.

On October 19, 2018, Defendants served their First Set of Interrogatories and First Set of Requests for Production of Documents on Plaintiff, attached respectively as Exhibits B and C, to which she responded on or about December 21, 2018, attached respectively as Exhibits D and E. On October 23, 2019, Defendants served their Second Set of Interrogatories and Requests for Production of Documents on Plaintiff, attached respectively as Exhibits F and G, to which she responded on November 22, 2019, attached respectively as Exhibits H and I. On November 27, 2019, Plaintiff supplemented her answers and objections to Defendants' First Set of Interrogatories, attached as Exhibit J.

## III. DEFENDANTS' FULL COMPLIANCE WITH RULE 37 AND LOCAL RULE 37.2

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2, the parties have exchanged multiple letters (*see* correspondence spanning from October 30, 2019 through May 20, 2020 attached as Exhibits K-N) and conducted multiple teleconferences, including on February 28, 2019, August 16, 2019, and June 9, 2020, in an attempt to resolve the disputes raised in this Motion. Defendants now respectfully request the Court's intervention.

## IV. LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery and/or production of any non-privileged documents that are relevant to Plaintiff's claims and proportional to the needs of the case. In applying Rule 26(b)(1) to a motion to compel, "courts have consistently adopted a liberal interpretation of the discovery rules." *Charvat v. Valente*, 82 F. Supp. 3d 713, 716-17, 2015 U.S. Dist. LEXIS 25694, *2-3 (N.D. Ill. Mar. 3, 2015)[4] (quoting *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006)). The burden rests on the objecting party to show why a specific discovery request, such as a request for production, is improper.

[4] Opinion attached as Exhibit O.

*Cunningham v. SmithKline Beecham*, 255 F.R.D. 474, 478, 2009 U.S. Dist. LEXIS 7833, *10 (N.D. Ind. Feb. 3, 2009).[5] "The objecting party must show with specificity that the request is improper." *Cunningham*, 255 F.R.D. at 478 (citing *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-54 (S.D. Ind. 2002)).

## V. PLAINTIFF'S INCOMPLETE ANSWERS TO INTERROGATORIES.

### A. Plaintiff Wrongfully Refuses to Answer Defendants' Second Set of Interrogatories Based On Her Objection That Defendants Have Exceeded Their Limit Under Rule 33.

Plaintiff refuses to answer Defendants' interrogatories on the basis that Defendants have "exceeded their limit" under Rule 33(a). Rule 33(a) provides, "without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number." Fed. R. Civ. P. 33(a); *see Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. Jan. 27, 2006)(permitting two plaintiffs to jointly serve 50 interrogatories on each defendant pursuant to Rule 33(a)'s provision that "*each* plaintiff may serve *each* defendant with 25 interrogatories"); *Lowery v. County of Riley*, 2009 U.S. Dist. LEXIS 19957, *12-13 (Kan. Dist. Ct. Mar. 12, 2009)("In a case involving a single party opposing multiple parties, 'each [of the multiple opposing parties] may serve up to 30 interrogatories upon the [single party].'")[6]

Here, Plaintiff's Complaint names six separate Defendants--the City and five individuals. Accordingly, under the plain language of Rule 33(a) and the guidance of *Lowery* and *Trevino*, each Defendant is entitled to propound 25 interrogatories on Plaintiff, or collectively, 150 interrogatories. Nevertheless, Defendants have collectively propounded a ***combined*** total of only 55 interrogatories to date, approximately ***one-third*** the number permitted under Rule 33(a).

[5] Opinion attached as Exhibit P.
[6] Opinion attached as Exhibit Q.

Defendants have been judicious in the type, nature, and number of interrogatories propounded, despite Plaintiff's 152-paragraph, nine-count Complaint.

Despite Defendants' best efforts, Plaintiff objects to and refuses to answer Defendants' Second Set of Interrogatories Nos. 2-31 on the basis that Defendants have exceeded their limit under Rule 33(a).[7] However, not only is Plaintiff's objection wrong, it unnecessarily obstructs Defendants' efforts to obtain discovery to which they are entitled. Because Defendants have not exceeded their collective limit under Rule 33(a)—indeed, they have not even reached ***half***—Plaintiff's answers to Interrogatories Nos. 2-31 should be compelled, like in *Trevino* and *Lowery*.

### B. Plaintiff Further Obstructs Discovery By Asserting Privilege Objections To Defendants' Second Set Of Interrogatories Nos. 9-30, Which Request *Facts* Underlying Her Claims.

Plaintiff not only refuses to answer Defendants' Second Set of Interrogatories Nos. 2-31 on the basis they purportedly exceed Defendants' Rule 33(a) allotment, but she also lodges additional evasive objections to subvert her discovery obligations. For instance, Plaintiff objects and refuses to provide *any* substantive response to Defendants' Second Set of Interrogatories Nos. 9-30 on the basis that the interrogatories allegedly seek the "mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives concerning this litigation." (Ex. H.) Yet, ***none*** of these interrogatories seek such information. Specifically, Interrogatories Nos. 9, 11, 13, 14, 16-24, and 26-28 explicitly request that Plaintiff state in detail or describe with specificity ***the factual basis*** (not mental impressions, conclusions, opinions, or legal theories) for specific allegations or claims in Plaintiff's Complaint. (*Id.*) Similarly,

[7] In their May 20, 2020 letter (Exhibit N) Plaintiff's counsel proposed applying the method used by the District of Kansas in *Semsroth v. City of Wichita*, 2008 U.S. Dist. LEXIS 35380 (D. Kan. Apr. 28, 2008) to determine whether Defendants had exceeded their interrogatory limit. However, this method, which strays from Rule 33 by distinguishing between "general" and "specific" interrogatories, is neither practicable nor binding on the Court. Further, this method would place an unnecessary burden on the court to analyze the nature of each interrogatory and unjustifiably punish Defendants for collectively propounding interrogatories. As such, it should not be applied here.

Interrogatory No. 12 requests that Plaintiff identify every disclosure on which her Illinois Whistleblower Act claim relies. (*Id.*) Interrogatory No. 15 requests that Plaintiff specify the factual basis for her *Monell* claim under the Equal Protection Clause. (*Id.*) Interrogatory No. 25 requests that Plaintiff describe the facts that support her allegation that her working conditions became so intolerable that she was forced to retire from CPD. (*Id.*) Interrogatory No. 29 asks Plaintiff to identify the individuals who assisted her in responding to the interrogatories;[8] and Interrogatory No. 30 asks Plaintiff to describe her efforts to find subsequent employment since her retirement. (*Id.*)

With the exception of Interrogatory No. 29, which is an identification interrogatory, the aforementioned contention interrogatories unequivocally ask Plaintiff to state or describe specific ***facts*** that support her many allegations and claims in the Second Amended Complaint, and her purported damages. Facts are not privileged. *See Bell v. Woodward Governor Co.*, 2005 U.S. Dist. LEXIS 19602, *5-7 (N.D. Ill. Sept. 8, 2005)("A contention interrogatory may, under the rules, ask for the material or facts that support a party's contentions in a case.").[9] Indeed, "[a]nswers to such interrogatories are useful because they, amongst other things, aid the propounding party in 'pinning down' a party's position and determining the proof required to rebut the party's position." *Id.* at *5-6.

Here, Plaintiff's refusal to answer any of Defendants' contention interrogatories on the basis that they seek mental impressions, conclusions, or opinions of her attorneys is improper and runs afoul of the discovery process. *See C&N Corp. v. Kane*, 2013 U.S. Dist. LEXIS 2097, *7-8 (E.D. Wis. Jan. 7, 2013)(noting that an objection that a contention interrogatory seeks counsel's

---

[8] Subject to the Court's ruling on this Motion, Plaintiff's counsel indicated during the parties June 9, 2020 Rule 37 conference that Plaintiff would answer Interrogatory No. 29 by identifying any responsive individuals other than her attorneys.

[9] Opinion attached as Exhibit R.

legal theories is improper and "suggests an intent to evade the obligation to properly respond to legitimate discovery requests.").[10] The specific facts in Plaintiff's knowledge, possession, or control that support her claims in the Second Amended Complaint are central to this lawsuit and critical to the discovery process. Further, to the extent Plaintiff believes the interrogatories seek information protected by attorney-client privilege, the proper response is for Plaintiff to produce a privilege log. Accordingly, Plaintiff should be compelled to provide complete answers to Defendants' Interrogatories Nos. 9-30, and to produce a privilege log to the extent she asserts responsive information is protected by privilege.

### C. Plaintiff's Objections That Multiple Interrogatories Are Overbroad, Unduly Burdensome, Seek Irrelevant Information, And/Or Are Better Suited For Deposition Are Likewise Without Merit.

Plaintiff asserts numerous other objections in response to Defendants' Second Set of Interrogatories that are similarly without merit. Specifically, in response to Interrogatories Nos. 5-28[11], Plaintiff objects that the requests are overly broad and unduly burdensome; in response to Interrogatories Nos. 5-8, Plaintiff objects that the requests seek information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence. (Ex. H.) Yet, Plaintiff fails to support her objections with any explanation as to how or why these interrogatories are overly broad or too unduly burdensome for her to respond, or why the information sought is irrelevant. (*Id.*; *Gevas v. Dunlop*, 2020 U.S. Dist. LEXIS 27829, *2-3 (N.D. Ill. Feb. 19, 2020)(""The grounds for any objections 'must be stated with specificity.'")[12](citing Fed. R. Civ. P. 33(b)(4)). Indeed, the aforementioned requests are tailored to specific claims or allegations in Plaintiff's Second Amended Complaint and attempt to glean

[10] Opinion attached as Exhibit S.
[11] Defendants inadvertently did not send an Interrogatory No. 10 with this set.
[12] Opinion attached as Exhibit T.

important context for her numerous allegations about Defendants' purported actions, including specific dates, time periods, individuals, or aspects of her CPD employment.

Moreover, Plaintiff's objection that Interrogatories Nos. 7-28 and 31 seek information more appropriately obtained through deposition testimony is improper, because the requests do not seek purely narrative responses and Plaintiff is capable of providing answers in interrogatory format. Indeed, these requests primarily ask Plaintiff to identify, state, and describe certain details within her knowledge, including: individuals with whom she spoke about the allegations in her complaint, except for her attorneys (No. 7); her whereabouts before responding to the boater drowning incident on May 29, 2016 (No. 8); the factual basis for her various claims (Nos. 9, 11, and 13-28); the specific disclosures Plaintiff asserts support her Illinois Whistleblower Act claim (No. 12); and the specific details relating to her claim for mental/emotional distress damages (No. 31). (Ex. H.) Plaintiff's answers are critical to Defendants' ability to identify witnesses, elucidate material events and conduct amidst Plaintiff's voluminous and vague allegations, to define the facts in dispute and scope of Plaintiff's claims, and to confidently prepare for and conduct depositions. Accordingly, Plaintiff should be compelled to answer Defendants' Second Set of Interrogatories Nos. 5-28 and 31.

## VI. PLAINTIFF'S REFUSAL TO PRODUCE DOCUMENTS.

### A. Plaintiff's Refusal To Produce Diaries, Journals, Calendar, Phone Logs, Etc. (Requests Nos. 6 and 21) Is Unwarranted.

Defendants' First Set of Requests for Production Nos. 6 and 21 in part ask for Plaintiff's personal diary, journal, personal calendar, phone logs, appointment or date books, notes prepared, maintained, or kept by Plaintiff from 2013 to the present, and all documents pertaining to Plaintiff's work logs, work diaries, personal notes, correspondences, or memoranda. (Ex. C, ¶¶ 6, 21.) Plaintiff objects to Request No. 6 on the grounds that it is overbroad, intrusive, invades her

privacy, and requests information neither relevant to any party's claim or defense nor proportional to the needs of the case. (Ex. E, at ¶ 6.) She further objects to Request No. 6 as a "fishing expedition" and on the basis that any notes prepared, maintained, or kept by Plaintiff are protected by the attorney-client and work-product privileges. (*Id.*) Plaintiff objects to Request No. 21 on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case. (*Id.* at ¶ 21).

Plaintiff's objections to producing the requested documents are evasive and meritless. First, personal diaries are generally discoverable, particularly if they contain relevant information regarding mental states and impressions of parties. *Appler v. Mead Johnson & Co., LLC*, 2015 U.S. Dist. LEXIS 128182, *12 (S.D. Ind. Sept. 24, 2015)[13] (citing *Zakrzewska v. Nee School*, 2008 U.S. Dist. LEXIS 1725, *2 (S.D. NY. 2008)[14] (granting discovery of plaintiff's diary because it would shed light on whether plaintiff actually suffered emotional distress). Second, despite any privilege asserted, facts are never subject to privilege in discovery. *Charvat*, 82 F. Supp. 3d. at 718. Third, these Requests are limited to Plaintiff's personal ***non-privileged*** documents related to her allegations and are not overly broad or unduly burdensome. Fourth, Plaintiff's objections are nothing more than boilerplate objections that lack the required specificity. *See Gevas*, 2020 U.S. Dist. LEXIS 27829 at *2-3. Plaintiff fails to provide any context supporting her objections, such as *how or why* the requests are overly broad, unduly burdensome, vague, or seek documents irrelevant to the parties' claims or defenses. For these reasons, Plaintiff's objections to Request Nos. 6 and 21 are meritless.

To date, Plaintiff has failed to produce any diary, journal, personal calendar, phone log, appointment or date books, or other notes prepared or kept by Plaintiff from 2013 to present, and

[13] Opinion attached as Exhibit U.
[14] Opinion attached as Exhibit V.

has not provided a privilege log, pursuant to Fed. R. Civ. P. 26(b)(5), despite asserting privilege in response to Request No. 6. Rather, Plaintiff has simply stated that "any meetings or appointments related to CPD were maintained in her Outlook calendar on the phone she used in the relevant time period, which is in the City's possession." (Ex. E.) However, Plaintiff is the most familiar with her appointments and any meetings or appointments related to her claim for damages (e.g. medical or counseling appointments) may be contained in her personal calendar or date book.

Although Plaintiff produced some documents in response to Request No. 21—two pages of a time and attendance record—Defendants believe Plaintiff is withholding and failing to disclose additional documents and information within her possession. Indeed, the City has discovered no fewer than 1,163 documents (2,041 pages) within Plaintiff's CPD e-mail account, which Plaintiff sent to her personal email account during her employment. These e-mails are not only responsive to Defendants' requests, but many contain confidential CPD information. Setting aside that Plaintiff may have breached CPD policy by sending these items to her personal e-mail account, the fact that she transmitted these emails, failed to disclose them, and represented during discovery that she does not have additional, responsive documents violates the Federal Rules of Civil Procedure.

Because Plaintiff's partial responses are incomplete and her objections without merit, she should be compelled to respond completely to Request Nos. 6 and 21 and produce responsive documents in her possession or control, or affirmatively state that she is not withholding any documents based on her objections. To the extent Plaintiff continues to assert privilege for Request No. 6, Plaintiff should be compelled to produce a detailed privilege log. In addition, because facts are not privileged, Plaintiff should be compelled to release factual details contained in any privileged document that are relevant to her claims and Defendants' defenses.

**B. Plaintiff's Objection To Producing Limited Phone Records (Requests Nos. 16 and 18) Is Unavailing.**

At the core of Plaintiff's Complaint is a drowning incident that occurred on May 29, 2016. Pending an investigation into that incident, Plaintiff was temporarily reassigned from the Marine Unit and designated only to the Helicopter Unit. Plaintiff alleges this temporary reassignment was motivated by and pretext for gender discrimination. (Dkt. 95, ¶ 63.) In Defendants' First Set of Requests for Production Nos. 16 and 18, Defendants request, in part, "documents relevant to Plaintiff's whereabouts, including but not limited to . . . personal cell phone records" and "any and all telephone records, bills, and/or call logs from any landline or mobile telephone used by Plaintiff on May 29, 2016." Ex. E, at pp. 8-9.) Plaintiff objects on the grounds that the Requests are overbroad, intrusive, and seek information neither relevant to any party's claim or defense nor proportional to the needs of the case, and she refuses to produce her personal cell phone records, bills, and/or call logs from any landline. (*Id.*)

Contrary to Plaintiff's objections and assertions, Plaintiff's actions on May 29, 2016 are highly relevant to her claims and Defendants' defenses in this case, particularly given Plaintiff's allegations that she was a "scapegoat" for the drowning incident and that her reassignment was pretext for discrimination. (Dkt. 95, ¶¶ 56-63.) Plaintiff's personal cellphone records are critical to discovery because she responded to the report of a missing/drowned boater while off-duty. (*Id.* at ¶¶ 59, 60.) It thus can be reasonably deduced that she communicated with other CPD officers or others using her personal cellphone, making these communications directly relevant to the events and actions on that date. Furthermore, Plaintiff alleges she communicated with Defendant Georgas on May 29, 2016, but fails to identify *how* they communicated and *what* precisely was communicated. (*See id.* at ¶ 61). Moreover, Defendants' request for documents and cellphone records, including text messages, for a single day in question is narrowly tailored and not unduly

burdensome for Plaintiff to produce. Accordingly, Plaintiff should be compelled to produce the requested documents in response to Document Request Nos. 16 and 18.

**C. Plaintiff's Objection To Producing Her Income Tax Returns During Relevant Time Period (Request No. 22) Is Meritless.**

Tax returns are not privileged from discovery. *Johnson v. Soo Line R.R. Co.*, 2019 U.S. Dist. LEXIS 146051, *2-3 (N.D. Ill. Aug. 27, 2019).[15] Instead, whether tax returns should be produced is based on whether the tax returns are relevant and proportional to the needs of discovery. *Id*. "Tax returns are relevant for discovery purposes, where a litigant has put 'the level and sources of his [or her] income at issue.'" *Id.* at *4 (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74-75 (7th Cir. 1992)). This court has compelled the production of tax returns of Title VII plaintiffs when the plaintiff's income was relevant to the amount of damages claimed following a termination. *Id.* at *4; *Poulos*, 959 F.2d at 74-75. Such damages may include lost wages, such as backpay and front pay. *Id.* at *4-6. To determine if obtaining tax returns is proportional to the needs of the case, courts balance the need for the returns with the burden of compelled production. *See id.* at *8-9.

Here, Plaintiff claims lost wages in the form of back pay and overtime compensation. In Defendants' First Set of Requests for Production No.22, Defendants requested copies of Plaintiff's federal and state income tax returns for the past five years or appropriate authorizations to the Internal Revenue Service and Illinois Department of Revenue for the release of her tax returns. (Ex. C, at ¶ 22.) Plaintiff objects to Request No. 22 on the basis that her tax returns are neither relevant to any party's claim or defense, nor proportional to the needs of the case. (Ex. E, at ¶ 22.) Plaintiff acknowledges that she seeks lost overtime pay, e.g. lost wages, but asserts that her tax returns are irrelevant to this calculation. Initially, Plaintiff agreed to "produce relevant portions of

[15] Opinion attached as Exhibit W.

her tax returns at the appropriate time." (*Id.*) Plaintiff eventually supplemented her response by providing her City of Chicago W-2s from 2014 through 2018; but Plaintiff continues to object to the production of her complete tax returns for 2014 through 2018 and has not produced her 2019 tax returns.

Defendants' request for complete income tax returns is tailored to the five years surrounding the alleged adverse action, i.e. Plaintiff's reassignment from MHU and alleged constructive discharge; thus, Defendants' request is not unduly burdensome. Moreover, Plaintiff's tax returns are relevant to her claim for damages in several ways. First, it is necessary to know Plaintiff's full income before and after any alleged adverse action to properly analyze Plaintiff's claim for lost wages, including lost overtime and backpay. *See Soo Line*, 2019 U.S. Dist. LEXIS 146051 at *5 (finding tax returns relevant where plaintiff put his level and sources of income at issue by claiming damages in the form of back pay, lost wages, and front pay). Second, Plaintiff's tax returns are relevant to Defendants' defenses, to test the veracity of Plaintiff's claim for damages and analyze her mitigation efforts. Without Plaintiff's comparative income data, the parties cannot adequately determine what, if any, lost income Plaintiff allegedly has suffered, and what, if anything, she has done to mitigate her damages. Plaintiff's suggestion that these returns be provided after discovery is closed would significantly prejudice Defendants' ability to prepare their defenses and strategy for Plaintiff's deposition and trial. Conversely, Plaintiff's production of these records during the discovery period would not prejudice her at all. Plaintiff cannot have it both ways – at once claim and put at issue damages that include the level and source of her income, and, at the same time, prevent Defendants' discovery related to such damages. Accordingly, Plaintiff should be compelled to produce her tax returns in response to Defendants' Request No. 22.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request the Court grant their motion to compel Plaintiff's complete responses to Defendants' Second Set of Interrogatories Nos. 2-31 and First Set of Requests for Production Nos. 6, 16, 18, 21, and 22.

Respectfully submitted,

/s/ *Daniel A. Kaufman*

Daniel A. Kaufman
dakaufman@michaelbest.com
Christopher R. Parker
crparker@michaelbest.com
Alexius Cruz O'Malley
acomalley@michaelbest.com
Jill B. Lubetsky
jblubetsky@michaelbest.com

Special Assistant Corporation Counsel

MICHAEL BEST & FRIEDRICH LLP
444 W. Lake Street, Ste. 3200
Chicago, IL 60606
(312) 222-0800

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALLISON SCHLOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18-cv-01880 |
| v. | ) | Judge Thomas M. Durkin |
| | ) | Magistrate Judge Maria Valdez |
| CITY OF CHICAGO, *et al.* | ) | |
| | ) | |
| Defendants, | ) | |

**APPENDIX OF EXHIBITS**

A. Plaintiff's Mandatory Initial Discovery Procedure Responses

B. Defendants' First Set of Interrogatories to Plaintiff

C. Defendants' First Set of Requests for Production to Plaintiff

D. Plaintiff's Answers and Objections to Defendants' First Set of Interrogatories

E. Plaintiff's Answers and Objections to Defendants' First Set of Requests for Production

F. Defendants' Second Set of Interrogatories to Plaintiff

G. Defendants' Second Set of Requests for Production to Plaintiff

H. Plaintiff's Objections and Responses to Defendants' Second Set of Interrogatories

I. Plaintiff's Objections and Responses to Defendants' Second Set of Requests for Production

J. Plaintiff's Supplemental Answers and Objections to Defendants' First Set of Interrogatories

K. Defendants' Rule 37 Letter to Plaintiff, dated October 30, 2019

L. Plaintiff's email response to Defendants' Rule 37 Letter, dated November 22, 2019

M. Defendants' Rule 37 Letter to Plaintiff, dated May 13, 2020

N. Plaintiff's Response to Defendants' Rule 37 Letter and attached spreadsheet, dated May 20, 2020

O. *Charvat v. Valente*, 82 F. Supp. 3d 713, 716-17, 2015 U.S. Dist. LEXIS 25694 (N.D. Ill. Mar, 3, 2015)

P. *Cunningham v. SmithKline Beecham*, 255 F.R.D. 474, 478, 2009 U.S. Dist. LEXIS 7833 (N.D. Ind. Feb. 3, 2009)

Q. *Lowery v. County of Riley*, 2009 U.S. Dist. LEXIS 19957 (Kan. Dist. Ct. Mar. 12, 2009)

R. *Bell v. Woodward Governor Co.*, 2005 U.S. Dist. LEXIS 19602 (N.D. Ill. Sept. 8, 2005)

S. *C&N Corp. v. Kane*, 2013 U.S. Dist. LEXIS 2097 (E.D. Wis. Jan. 7, 2013)

T. *Gevas v. Dunlop*, 2020 U.S. Dist. LEXIS 27829 (N.D. Ill. Feb. 19, 2020)

U. *Appler v. Mead Johnson & Co., LLC*, 2015 U.S. Dist. LEXIS 128182 (S.D. Ind. Sept. 24, 2015)

V. *Zakrzewska v. Nee School*, 2008 U.S. Dist. LEXIS 1725 (S.D. NY. 2008)

W. *Johnson v. Soo Line R.R. Co.*, 2019 U.S. Dist. LEXIS 146051 (N.D. Ill. Aug. 27, 2019)

**CERTIFICATE OF SERVICE**

I, hereby certify that on August 3, 2020, I electronically filed the foregoing ***Defendants' Memorandum of Law in Support of Their Motion to Compel Plaintiff's Complete Responses to Written Discovery Requests*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Marni Willenson
Caitlin Cervenka
Willenson Law, LLC
3420 W. Armitage Ave., Suite 200
Chicago, IL 60647
marni@willensonlaw.com
ckcervenka@willensonlaw.com

Cindy Hyndman
Laura Feldman
Benjamin Schwab
Robinson Curley, P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL 60606
chyndman@robinsoncurley.com
lfeldman@robinsoncurley.com
bschwab@robinsoncurley.com

/s/ Daniel A. Kaufman___________
Special Assistant Corporation Counsel
One of the Attorneys for Defendants
Michael Best & Friedrich LLP
444 W. Lake Street, Suite 3200
Chicago, IL 60606
Phone: (312) 222-0800
E-mail: dakaufman@michaelbest.com